## The Peoples' Fire Insurance Company *versus* Hartshorne *et al.*

| 84 | 453 |
|----|-----|
| 164 | 86 |

| 84 | 453 |
|----|-----|
| 207 | ²306 |

1. The opening of a judgment to let a defendant into a defence is not a final judgment, and a writ of error will not lie thereto.

2. Unless such intent is clearly manifest it will not be presumed that a law was intended to have any other than a prospective operation.

3. Where the charter of a mutual fire insurance company provides that it shall have a lien in the nature of a judgment upon the property of the insured for his premium note, and by the terms of the charter it is manifest the lien is to be restricted to real estate, the fact that a part of the risk covered by the policy is on personal estate will not prevent the filing of a lien against the real estate,

4. Nor is such lien invalid by reason of having been filed after the expiration of the policy.

June 5th 1877. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Lycoming county :* Of May Term 1877, No. 150.

This was a proceeding upon a judgment obtained by the Peoples' Fire Insurance Company, against F. M. Hartshorne and M. L. Clay, doing business as F. M. Hartshorne & Co.

Upon the 4th of May 1869, F. M. Hartshorne & Co. applied to the Cumberland Valley Mutual Protection Company for an insurance upon their planing mill, valued at $12,000; upon machinery and belting therein valued at $8000, and upon worked and unworked lumber therein valued at $12,000. The term of their insurance was five years from May 4th 1869.

Upon the 28th of May 1874, the Insurance Company, now known as "The Peoples' Fire Insurance Company," entered a

judgment against the defendants in error for $1800 upon the following premium note:—

"For value received in policy No. 18,088, I promise to pay to the Cumberland Valley Mutual Protection Company or their order, two thousand dollars, at such times and by such instalments as the board of directors of the said company shall from time to time demand and order, pursuant to the act of incorporation and rules and regulations of the said company, with interest from date at the rate of five per centum per annum, payable in advance, on the fourth day of May in each year, during the continuance of this risk. Witness our hands this 4th day of May 1869.

F. M. Hartshorne & Co."

The company claimed a lien upon a property situated on the west side of Campbell street in the city of Williamsport, consisting of a frame steam-power planing mill, one hundred and forty feet by seventy-two feet, machinery, belting, gearing and worked and unworked lumber therein.

Upon the judgment thus entered the company issued a fieri facias for the collection of the amount claimed by reason of unpaid assessments and interest on said note, claiming authority for these proceedings under the 6th section of the Act of April 13th 1838, Pamph. L. 364, which is as follows:—

"And the company shall have a lien in the nature of a judgment, waiving the right of inquisition, upon all the said property of the insured to the amount of his deposite note, or so much thereof as may be unpaid, which shall continue until the amount of such note, with interest and costs of execution, if any, shall be paid or satisfied according to the provisions of this act: Provided, said company shall file, in the office of the prothonotary of the, county wherein such real estate shall lie, a memorandum of the name of the insured, a description of the property, the amount of the deposite note unpaid, and the term for which the insurance shall continue; and the prothonotary with whom the same shall be filed is hereby required forthwith to enter the same, without tax or fee, at large upon his judgment docket, and the same, when so entered, shall be deemed and taken to be, in all respects, as a judgment entered by confession upon a warrant of attorney, and execution may be had thereof for so much as by virtue of this act may be due and demandable."

The writ of fieri facias was stayed, by order of the court below, on the 24th of August 1874, and a rule granted on the plaintiff to show cause why the judgment should not be opened and stricken off. Depositions were taken in support of this rule, and, after argument, the court, on the 21st of February 1876, made the following decree:—

"And now, to wit, February 21st 1876, rule to show cause why

judgment should not be opened and defendants let into a defence, and also why said judgment should not be stricken off, made absolute."

The company took this writ, and alleged that the court erred in making absolute the rule (1) to open the judgment, and (2) to strike off the judgment.

*J. H. Mitchell*, *J. J. Metzgar* and *J. M. Weakley*, for plaintiff in error.—The opening of a judgment is reviewable under the Act of April 4th 1877, Pamph. L. 53, which provides that in all cases of application made to any Court of Common Pleas within this Commonwealth, to have any judgment, which has been entered by virtue of a warrant of attorney, or on judgment note, opened, and defendant let into a defence, the party aggrieved by the decision of the court thereon may have the same reviewed in the Supreme Court by appeal, in like manner and proceedings as equity cases are now appealed. The authority to take such a premium note and to enter such a judgment upon it are both clearly authorized by the charter of plaintiff, and the right to enter such a lien is expressly recognised in Hageman v. Peoples' Fire Ins. Co., 1 W. N. C. 31.

*H. H. Cummin* and *Henry C. Parsons*, for defendants in error. —The opening of a judgment is not the subject of review : Campbell *et al. v.* Sloan, 12 P. F. Smith 481. The Act of the 4th of April 1877 does not apply, and to make it do so it would be necessary to give it a retroactive effect.

Under the Act of 1838, where personal property is insured no judgment can be entered upon the premium note. The act allows the entry of judgment against real estate only, and the very language of the section restricts it to real estate. In the case at bar no distinction is made between real and personal property.

It is further contended that the judgment is void because it was not entered until after the policy had expired.

Mr. Justice MERCUR delivered the opinion of the court, October 8th 1877.

The first assignment of error cannot be sustained. The opening of a judgment to let a defendant into a defence is not a final judgment. A writ of error, therefore, will not lie : Hill *v.* Irwin *et al.*, 8 Casey 314; Campbell *v.* Sloan, 12 P. F. Smith 481. It is urged that the decision of the court may be reviewed under the Act of 4th April 1877, Pamph. L. 53. Two objections exist to prevent the application of that act to the present case. 1. It directs that the remedy shall be " by appeal in like manner and proceedings as equity cases are now appealed." When thus before us, we can consider the merits of the case. On this writ of error, the facts on

which the court acted are not legally here, and we cannot examine them.   2. The decision of the court was made more than a year before the passage of this ·act.   There is nothing in the language of the act indicating an intention to make it operate retroactively. Unless such intent is clearly manifest, it will not be presumed that the legislature intended any other than a prospective operation : Dewart *v.* Purdy, 5 Casey 113 ; Taylor *v.* Mitchell, 7 P. F. Smith 209 ;   Steckel's Appeal, 14 Id. 493 ;   White *v.* Crawford, *ante,* 433.

The second assignment is to striking off the judgment.

The lien was filed under the sixth section of the Act of 13th April 1838, Pamph. L. 364.  It declares " the company shall have a lien in the nature of a judgment, waiving the right of inquisition upon all the said property of the insured to the amount of his de-posite note."  It also directs that the claim shall be filed, "in the office of the prothonotary of the county wherein such real estate shall lie." It further declares that where duly entered and dock-eted " it shall be deemed and taken to be in all respects, as a judg-ment entered by confession upon a warrant of attorney and execu-tion may be had thereof for so much as by virtue of this act may be due and demandable."

It is contended that it was not the design of the act to permit such a lien to be filed where personal property only is insured. There is force in this argument.   A waiver of inquisition cannot apply to personal estate.   The lien is to be created in the county where the real estate is situate.   The "said property" would therefore appear to refer to real estate only.   It would be a great departure from the whole spirit of our laws, to assume an intention to thus create a lien on personal estate.   A true construction of the act would seem to restrict the lien thereby acquired to the buildings insured and the land covered thereby, with reasonable curtilage.   If, therefore, the policy covered no real estate ; if the premium note was given for insurance on personal property only, we think the *lien* could not be sustained.   But such is not the fact. The risk was on the planing mill, and machinery, belting, gearing and worked and unworked lumber therein.  Although the machinery, belting and gearing are valued separately from the mill, and a por-tion of the risk put on them specifically ; yet inasmuch as they were within the mill they are presumed to have formed an essential part of it.   Without them, it would not have been a complete and operative planing mill.   They, therefore, constituted a part of the real estate, and might well have been included in a general descrip-tion of the mill.   The whole value insured was $2500 ; but the premium note was for $2000.   $1600 of the note was given to pay for insurance on real estate, and the residue to pay for insurance on the lumber.   We do not think the fact, that one-fifth of the whole risk ·covered by the policy, was on personal estate, could pre-

[People's Fire Ins. Co. v. Hartshorne.]

vent the filing of a lien against the real estate. The question now presented is not as to the amount of the lien ; but as to the validity of any lien.

It is further argued that the lien is invalid by reason of its having been filed after the expiration of the policy. This view fails to give due regard to the object and spirit of the act which authorizes the lien to be filed. It was not intended to restrict, but to enlarge the securities of the company. No rights were thereby taken from it ; but additional security was given to it. As long as the company had a valid claim on the note, so long it had this additional remedy. The right to collect on the note did not necessarily terminate at the expiration of the policy. The defendant still remained liable to contribution for losses sustained during the life of the policy : Buckley *et al. v.* Columbia Ins. Co., 2 Norris 293. The note was not barred by the Statute of Limitations. The learned judge therefore erred in making absolute the rule to strike off the judgment.

Judgment reversed, and that portion of the rule discharged.