164      85|<br>f 31 SC 447

# Samuel Cupples Wooden Ware Co., Appellant, *v.* L. E. Howe and T. W. Walker.

*Appeal from magistrate—Striking off—Re-instating—Interlocutory judgment—Practice, S. C.*

Defendants appealed from the judgment of an alderman and filed a transcript of the alderman's record in the court of common pleas.  The court made absolute a rule to strike off the appeal.  Subsequently a rule was granted on motion of defendants to show cause why the former order, striking off the appeal, should not be reconsidered, and the appeal re-instated.  This rule was made absolute.  *Held,* that the order making absolute the latter rule, was not a final judgment from which an appeal would lie.

Argued April 24, 1894.  Appeal, No. 77, Jan. T., 1894, by plaintiff, from order of C. P. Erie Co., Sept. T., 1892, No. 227, re-instating appeal from alderman.  Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ.  Appeal quashed.

Rule to re-instate appeal from alderman.

From the record it appeared that, on Aug. 4, 1892, plaintiff recovered a judgment before Alderman Swalley for $227.20. Defendants appealed and filed a transcript of the alderman in the court of common pleas. Plaintiff, alleging that the appeal had not been taken in time, obtained a rule to strike off the appeal, and this rule was subsequently made absolute. On Nov. 12, 1892, defendant obtained a rule to show cause why the order striking off the appeal should not itself be stricken off, and the appeal re-instated. On Nov. 29, 1892, this rule was made absolute, and the appeal was re-instated.

*Error assigned* was in making absolute the latter rule, and in re-instating the appeal.

*J. Ross Thompson*, *George M. Fletcher* with him, for appellant.

*S. M. Brainerd*, *Isador Sobel* with him, for appellee.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894:

The appeal in this case must be quashed, as the judgment appealed from is not a final judgment.

What was said by this court, in The Citizens' Building and Loan Association v. Hogeland & Gass, 87 Pa. 326, on an appeal from an order opening a judgment, is directly applicable: " It is manifest, no final judgment upon the application takes place against the plaintiff until the case has been heard and the judgment entered thereon, setting it aside or lessening its amount. Here the judgment was merely opened and an issue awarded. Until the issue is tried and the court acts on it, a final judgment is not entered. It would be intolerable to have an appeal on the opening order, and then an appeal on the determination of the issue and final decree of the court." See also Campbell v. Sloan, 62 Pa. 481, and Ins. Co. v. Hartshorne, 84 Pa. 453.

The defendants appealed from the judgment of an alderman, and filed in the court of common pleas a transcript of the proceedings before him. A rule granted the plaintiff to show cause why the appeal should not be struck off was made absolute.

Subsequently a rule was granted on motion of the defendants to show cause why the former order striking off the appeal should not be reconsidered and the appeal reinstated.

It is to the order making absolute this rule and reinstating the appeal that the assignment of error is directed. The effect of this rule is only to determine that the case is properly in the court of common pleas. It is neither a final judgment nor an award in the nature of a final judgment, but it is interlocutory, and from it no appeal lies.

The appeal is quashed at the cost of the appellant and the record remitted with a procedendo.