N. S. Drum and R. C. Drum, Appellants, *v.* Jacob Uplinger.

*Appeals do not lie from interlocutory orders.*

The refusal to strike off an appeal from an award of arbitrators is clearly an interlocutory order and from such orders there is no right of appeal before final judgment.

Argued Jan. 11, 1899. Appeal, No. 34, Jan. T., 1899, by plaintiffs, from order of C. P. Luzerne Co., Oct. T., 1897, No. 1106, discharging rule to strike off an appeal from award of arbitrators. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. Porter and BEEBER, JJ. Affirmed.

Assumpsit. Before WOODWARD, P. J.

This case originally arose on appeal by defendant from the judgment of a justice for $284.20. The plaintiffs proceeded under the law to arbitration, and the case was regularly tried before arbitrators chosen by the parties for the trial of the case and same day an award was given in favor of plaintiffs and against defendant in the sum of $284.20 and costs. On May 25, 1898, the plaintiffs filed a bill of costs amounting to $22.00, being witnesses' fees in the case. On June 6, 1898, defendant appealed from the award of the arbitrators and on June 8 filed exceptions to the costs, paying in all costs excepted to less $22.00, plaintiffs' bill of witnesses' fees. A rule was then taken to strike off the appeal and on November 5 the rule to strike off the appeal was discharged on condition that defendant pay the amount of the plaintiffs' bill for witnesses, to wit: the $22.00 above referred to. Plaintiff excepted to the ruling of the court in discharging the rule to strike off the appeal from the award of arbitrators.

*Error assigned* was in discharging rule to strike off the appeal from the award of the arbitrators.

*Abner Smith*, with him *C. W. Kline*, for appellants.—Payment of all the taxed costs is a condition precedent to an appeal from an award of arbitrators : Act of June 16, 1836, P. L. 715, sec. 27 ; Schrenkeisen v. Kishbaugh, 162 Pa. 45 ; Lagen v. Cadwell, 34 Leg. Int. 331 ; Myers v. Brown, 38 Leg. Int. 72.

*George H. Troutman,* for appellee.—The general principle underlying all the adjudicated cases seems to be that when the taxed costs have not all been paid through the fault or negligence of the party appealing, the appeal may be stricken off. But when their nonpayment is caused by the exclusive fault of the officer in withholding the knowledge of the existence of a portion of them the rule is otherwise, and payment of omitted portion may be enforced by attachment: Palmer v. Wilkinson, 73 Pa. 341.

PER CURIAM, February 17, 1899:

The refusal to strike off an appeal from an award of arbitrators is clearly an interlocutory order and from such orders there is no right of appeal before final judgment, unless it is expressly given by statute. This general rule has been enforced in a multitude of reported cases, and its application to orders like the present has been decided several times: Kendrick v. Overstreet, 3 S. & R. 357; Straub v. Smith, 2 S. & R. 382; Wooden Ware Co. v. Howe, 164 Pa. 85; Schultz v. Bear Creek Co., 174 Pa. 287; Yost v. Davison, 5 Pa. Superior Ct. 469; Anderson v. McMichael, 6 Pa. Superior Ct. 114.

The appeal is quashed at the costs of the appellants and the record remitted with a procedendo.