## J. C. Powell, Appellant, *v.* W. C. Gayley.

*Practice, Superior Court—Appeal—Interlocutory order.*
No appeal lies from an interlocutory order.

Argued Jan. 11, 1899. Appeal, No. 36, Jan. T., 1899, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1895, No. 980, discharging rule to show cause why appeal from confession of judgment should not be stricken from records. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Appeal quashed.

Appeal from judgment of an alderman. Before WOOD-WARD, P. J.

It appears from the record that this was an appeal taken by

406      POWELL *v.* GAYLEY.

Statement of Facts—Opinion of the Court.      [9 Pa. Superior Ct.

defendant from judgment of justice and that plaintiff took out a rule of arbitration which he served on defendant to choose arbitrators, whereupon the defendant before the time fixed for choosing arbitrators filed in the case a written confession of judgment for the sum of $300, being the full judgment and amount claimed by plaintiff. In this confession of judgment, however, defendant reserved the right of appeal by adding thereto, " said confession to have same force and effect and no more than an award of arbitrators filed in the case in favor of the plaintiff and against defendant. The right of appeal is hereby expressly reserved as in the case of an award of arbitration." Defendant subsequently appealed from the confessed judgment to the court of common pleas of Luzerne county, the same court in which he had confessed the judgment. Subsequently a rule was granted to show cause why the appeal should not be stricken from the record, which rule the court discharged. Plaintiff appealed.

*Error assigned* was discharging the rule to strike off appeal.

*Abner Smith*, with him *C. W. Kline*, for appellant.

*M. J. Mulhall*, with him *Frank Noedham*, for appellee.

PER CURIAM, February 17, 1899 :

The order appealed from is neither a final judgment nor an order in the nature of a final judgment, but is interlocutory, and from it an independent appeal does not lie. See Drum v. Uplinger, ante, p. 404, and cases there cited.

The appeal is quashed at the costs of the appellant, and the record is remitted with a procedendo.