## G. and J. Rieseck, Agents, Appellants, *v.* J. K. Lanahan.

*Appeal—Justice of peace—Interlocutory order allowing transcript.*

An order allowing a transcript of appeal from the judgment of a justice of the peace to be filed nunc pro tunc is interlocutory and from it an independent appeal does not lie. Yost v. Davison, 5 Pa. Superior Ct. 469, followed.

Argued April 11, 1899. Appeal, No. 52, April T., 1899, by plaintiffs, from order of C. P. No. 2, Allegheny Co., July T., 1898, No. 317, allowing appeal from alderman to be filed nunc pro tunc. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Per curiam.

Appeal by defendants from judgment of alderman.

The following facts appear from the docket entries :

Appeal by defendant from judgment of alderman Jno. Burns on April 15, 1898, in favor of plaintiff for $226 and costs, $3.15, paid by defendant; Chas. Dugan bail in $50.00 for costs. And now, June 6, 1898, petition presented in open court and rule granted on defendant, to show cause why appeal should not be stricken off. Returnable June 11, 1898, at 9: 30 A. M. June 21, 1898, on argument list, rule discharged and appeal allowed to be filed nunc pro tunc as of May 2, 1898.

Order allowing appeal nunc pro tunc. Plaintiffs appealed.

*Errors assigned* were (1) in discharging rule to show cause why appeal should not be stricken off. (2) In making order allowing appeal to be filed nunc pro tunc as of May 2, 1898.

*J. McF. Carpenter*, with him *A. K. Stevenson*, for appellants.—
The question as to the power of the court to allow an appeal to
be filed after the time prescribed by law has elapsed has been
before the Supreme Court in Ward v. Letzkus, 152 Pa. 318.
The facts in the present case and in the case cited are so nearly
parallel that further discussion would seem to be unnecessary.

The Act of May 18, 1871, P. L. 938, and the decision in Ward
v. Letzkus, supra, based on that act are conclusive.

*R. S. Martin*, for appellee.—The "docket entries" as printed
in appellants' paper-book do not show when the appeal was filed,
and as it is to be presumed the appeal was filed in time, there is
no ground appearing in the record for striking it off, and the
court below was right in discharging the rule according to ap-
pellants' own showing.

Appellants' assignments of error are defective, because neither
of them quotes the order of the court below complained of, dis-
charging said rule to show cause and allowing the appeal to be
filed nunc pro tunc.

But in this appeal we do not deem it necessary to pursue the
subject further than to cite the case of Yost v. Davison, 5 Pa.
Superior Ct. 469, where it is held by this court that an order
similar to the order appealed from in this case is an interlocutory
order, and not the subject of an appeal. We submit that Yost
v. Davison, supra, rules this case, and that this court has therein
decided adversely to appellants all of the questions presented
by this appeal.

PER CURIAM, May 18, 1899 :

In Yost v. Davison, 5 Pa. Superior Ct. 469, we held that an
order allowing a transcript of appeal from the judgment of a
justice of the peace to be filed nunc pro tunc is interlocutory,
and from it an independent appeal does not lie. This conclu-
sion was reached after a full consideration of the question and
we see no reason for not adhering to it. See also Starr's Es-
tate, 3 Pa. Superior Ct. 212, Drum v. Uplinger, 9 Pa. Supe-
rior Ct. 404, and Powell v. Gayley, 9 Pa. Superior Ct. 405.

The appeal is quashed at the costs of the appellant, and the
record is remitted with a procedendo.