## Sheafer, Appellant, v. Melcher.

*Appeals—Interlocutory order—Quashing appeal—Justice of the peace.*

An order discharging a rule to show cause why an appeal from a judgment of a justice of the peace should not be stricken off, is an interlocutory order from which no appeal lies from the common pleas to the Superior Court.

Argued Nov. 17, 1911. Appeal, No. 222, Oct. T., 1911, by plaintiff, from order of C. P. Lancaster Co., May T., 1892, No. 30, discharging rule to strike off appeal in case of P. F. Sheafer v. A. J. Melcher. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Rule to strike off appeal.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*B. F. Davis*, for appellant cited against motion to quash appeal: Moore v. Creamer, 3 P. & W. 416; Potts v. Staeger, 12 Pa. 363.

*Charles W. Eaby*, cited in support of motion to quash appeal: Anderson v. McMichael, 6 Pa. Superior Ct. 114; Yost v. Davison, 5 Pa. Superior Ct. 469; Drum v. Uplinger, 9 Pa. Superior Ct. 404; Com. v. Luckey, 31 Pa. Superior Ct. 441; Powell v. Gayley, 9 Pa. Superior Ct. 405.

PER CURIAM, December 11, 1911:

Nineteen years after the transcript of appeal from the judgment of the justice of the peace was filed in the common pleas, the plaintiff obtained a rule to show cause why the appeal should not be struck off. The ground alleged for the application was that the transcript was not filed until four days after the first day of the term succeeding the date of the appeal. The defendant filed an answer,

and after hearing, the court, in an opinion filed, discharged the rule upon the ground of the plaintiff's laches. From that order, the plaintiff appealed to this court. It is contended that the order was interlocutory merely, and upon that ground the defendants moved to quash the appeal.

It is true that in Ward v. Letzkus, 152 Pa. 318, the Supreme Court entertained an appeal from an order making absolute a rule to show cause why defendant should not be permitted to file the transcript nunc pro tunc, and reversed the order. But as pointed out by Judge SMITH, of this court, in Yost v. Davison, 5 Pa. Superior Ct. 469, the question of the interlocutory nature of the order appealed from was not raised or considered in Ward v. Letzkus. And in the later case of Wooden Ware Co. v. Howe, 164 Pa. 85, where the question was raised and considered, it was held that an order revoking a previous order, striking off an appeal and reinstating the appeal, was neither a final judgment nor an award in the nature of final judgment, but was interlocutory, and, therefore, no appeal lay. In Yost v. Davison, where the question was fully discussed, it was held that an order permitting a transcript of appeal to be filed nunc pro tunc is interlocutory, and the same has been held by this court in several later cases. The reason of the rule recognized and applied in these decisions is equally pertinent upon a consideration of an order refusing to strike off the appeal. And the cases, in which it has been held that an order refusing to strike off an appeal from an award of arbitrators, is interlocutory merely, are strictly analogous. See Straub v. Smith, 2 S. & R. 382; Kendrick v. Overstreet, 3 S. & R. 357; Schultz v. Bear Creek Refining Co., 174 Pa. 287; Drum v. Uplinger, 9 Pa. Superior Ct. 404. We conclude that the order appealed from is interlocutory merely, and, therefore, the appeal must be quashed. When the court of common pleas has proceeded to final judgment, the whole proceeding may be reviewed on appeal.

The appeal is quashed at the costs of the appellant.