# Commonwealth *v.* Morgan, Appellant.

*Criminal law—Murder—Jury—Panel — Distribution of panel to different court rooms—Right to challenge—Acts of June 16, 1836, P. L. 784; March 31, 1843, P. L. 123; February 8, 1848, P. L. 25, and March 18, 1875, P. L. 25—Rules of court—Interpretation of rules—Discretion—Abuse.*

1. Where, under the Acts of June 16, 1836, P. L. 784; March 31, 1843, P. L. 123; February 8, 1848, P. L. 25, and March 18, 1875, P. L. 25, a rule of the criminal court in a large county, provides that the panel of jurors shall be divided into sections, and such sections assigned to different court rooms for the trial of causes, a defendant indicted for murder cannot demand that the entire panel shall be brought into the room where he is being tried, so that he may, if he sees fit, exercise his right to challenge.

2. The right of peremptory challenge is not of itself a right to select, but a right to reject, jurors.

3. The interpretation of a rule of court is a matter for the determination of the judges of the court in which the rule has been promulgated, and their action will be sustained, unless there be

an apparent abuse of discretion, or a clear violation of the rights of a party litigant.

Argued February 11, 1924. Appeal, No. 205, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., March T., 1923, No. 157, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Wilie Morgan. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree, upon which sentence was passed. Defendant appealed.

*Error assigned* was refusal of defendant's motion that all jurors empaneled for service should be summoned to the court room in which he was to be tried.

*C. Stuart Patterson, Jr.,* with him *Thomas J. Minnick, Jr.,* for appellant.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE SADLER, March 10, 1924:

The defendant, Wilie Morgan, met two children on February 24, 1923, the older Lillian, being of the age of six, and took them for a drive in his car. When a secluded district was reached he criminally assaulted her, and the death of the infant resulted. The body was removed to a distant point, where it was found subsequently. A trial before the Court of Oyer and Terminer of Philadelphia County ended in conviction of murder of the first degree, and sentence of death was imposed. This appeal suggests but one error below, and is based on the manner of selection of the jury.

By the Act of March 31, 1843 (section 6, P. L. 123), it is directed that the courts having criminal jurisdiction for the trial of indictments in the County of Philadelphia shall issue writs of venire facias for the drawing and summoning of jurors, with the power, given later (Act of February 8, 1848, section 3, P. L. 25), to issue two or more for this purpose. A rule of procedure was adopted in that jurisdiction on December 1, 1922, having for its purpose the expediting of business, which reads as follows: "All petit jurors shall be summoned for service at large in the courts of oyer and terminer and general jail delivery and the quarter sessions of the peace, and not for service in a particular court room. For convenience, the list of jurors shall be divided as the judge who causes the venire to issue shall direct, and individual jurors shall be notified to report in a particular room. For the trial of cases listed in any court room, juries shall be drawn from the jurors in attendance in that room, but if in the selection of a jury the number of such jurors shall, by challenge or otherwise, be exhausted additional jurors of the same panel shall be transferred for duty there from the other court rooms. No talesmen shall be summoned until the whole panel of jurors summoned for all the rooms of said courts has been exhausted."

It is also to be noted that the Act of March 18, 1875, section 1, P. L. 25, says "in every judicial district of this Commonwealth, in which more than one judge learned in the law is now or hereafter shall be authorized to act, it shall be lawful for the president judge and the additional law judge or judges of such district, severally, to try causes on the same trial list, and with one and the same panel of jurors; or it shall be lawful for said judges, at the same time, to hold separate courts for the trial, hearing and disposition of causes in the common pleas, orphans' court, oyer and terminer, quarter sessions, and in equity; and the courts of such districts may direct, at any term, separate venires to issue for a suc-

ceeding term or period for each branch thereof, in the manner provided by law for ordinary venires in the common pleas, and to regulate the trial list for said separate courts, issue subpœnaes, and make all orders which may be judged necessary and convenient."

When Morgan was called for trial, a demand was made by his counsel that the 240 jurors who had been selected and summoned,—80 of whom had been notified to appear in room 453, a second 80 in room 653, and the balance in room 296 of City Hall, where the respective courts of oyer and terminer were in session,—should be present, so that he might, if he saw fit, exercise his right to challenge. If the rule of court, above referred to, is effective, no such privilege existed; notwithstanding, the presiding judge did secure the presence of the jurors directed to appear in all of the courts, with the exception of six, who were engaged in the actual trial of another case, as is shown by the record, and who were excused by consent of defendant. Due to the feeling engendered by reason of the nature of the crime, the selection of twelve unprejudiced men was difficult, resulting in the calling of the entire panel, excluding the six as noted, and making necessary the resort to talesmen, but it is to be observed that, even under such conditions, the number of peremptory challenges allowed the defendant by the Act of July 9, 1901, P. L. 629, was not exhausted.

The only question now suggested is the technical one that a defendant in a criminal case is entitled, under the law, to the presence of the full list, when the selection of his triers is made. There is no intimation that he was in any way harmed by the course pursued in the court below, and in view of the facts appearing, it is clear no injury was done.

The broad question which we must consider is the right of the local court to adopt a rule as here in force. In communities of the size of Philadelphia,—where it is necessary, to carry on the business, that many courts be established and kept in operation,—it is essential that

jurors be provided for each of the rooms where trials are held, if the work shall be expeditiously conducted. To require the presence of all those chosen at each place where trials are had is a practical impossibility. Those summoned for service in one division are not required to appear in another, unless a special order to that effect is made. It is not essential that those considering a matter submitted in one court room be transferred to another, and the absence of six, by reason of the work assigned to them in the former, cannot be said to violate any rights of the defendant. The "right of peremptory challenge is not of itself a right to select, but a right to reject, jurors": Com. v. Brown, 23 Pa. Superior Ct. 470, 498.

The Philadelphia rule is reasonable, and its promulgation fully authorized by the Act of June 16, 1836, section 21, P. L. 784. Its interpretation is a matter for the determination of the judges below, and their action will be sustained, unless there be an apparent abuse of discretion, or a clear violation of the rights of a party litigant. In the present case, no such situation arises. The defendant had a fair trial, as admitted by his counsel, was found guilty of the most serious of crimes, and the evidence of record discloses that the verdict of conviction returned was justified. The only assignment of error is therefore overruled.

The judgment is affirmed, and the record is remitted for the purpose of execution.