Mid-City Press, Inc. *v.* Cohen et al., Appellants.

134

Submitted June 15, 1962. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Michael King,* appellant, in propria persona.

*Isadore Gottlieb,* for appellee.

OPINION BY FLOOD, J., September 13, 1962:

In this action on a note the defendant, Michael J. King, administrator of the estate of Nat Cohen, deceased, who is not represented by counsel, appeals from an order of the court below refusing to issue three rules to show cause why certain persons other than the named defendants should not be joined as additional defendants.

As stated in *Stadler, Admr. v. Mt. Oliver Borough,* 373 Pa. 316, 317-318, 95 A. 2d 776, 776-777 (1953) : "By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a defini-

tive order, decree, or judgment which finally determines the action. The court cannot assume such appellate jurisdiction even by consent of the parties ... Nor is an order, judgment or decree final unless it terminates the litigation between the parties to the suit by precluding a party from further action in that court ..."

Since the present appeal is from an interlocutory order, the appeal must be quashed as premature. *Paul v. Smith,* 343 Pa. 63, 21 A. 2d 919 (1941). As stated in the cited case, where the Supreme Court quashed an appeal from an order of the court below discharging the defendant's rule to join another person as an additional party: "Unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action ... The order involved here in no sense disposes of the action. It leaves the way open for further proceedings to determine the merits of plaintiff's cause against the defendant." Id. at page 64, 21 A. 2d at pages 919-920.

Since we have no power to enter upon the inquiry sought by the appellant (See *Damon & Foster v. Berger,* 191 Pa. Superior Ct. 165, 170-171, 155 A. 2d 388, 392 (1959)), the questions discussed in the appellant's brief are not properly before us (See *Lewis v. Beatty,* 306 Pa. 242, 245, 159 A. 441, 442 (1932)), and we express no opinion concerning them.

Appeal quashed.