Opinion by
 

 Wright, J.,
 

 Ossie P. Capíes filed a complaint in assumpsit against Maurice Klugman and Anne E. Klugman, his wife, seeking to recover payments under a lease sales agreement. The case was submitted to arbitrators who filed a report and award in favor of the plaintiff against both defendants in the sum of $1,053.40. The defendants then appealed to the County Court. The plaintiff obtained a rule to show cause why the appeal should not be stricken for noneompliance with County Court Rule 6. The court below discharged the rule and this appeal to the Superior Court followed.
 

 
 *519
 
 This appeal must be quashed. An appeal does not lie from an order refusing to strike off an appeal from arbitrators, as such an order is merely interlocutory:
 
 Schultz v. Bear Creek Refining Co.,
 
 174 Pa. 287, 34 A. 560;
 
 Drum v. Uplinger,
 
 9 Pa. Superior Ct. 404. Cf.
 
 Sheafer v. Melcher,
 
 48 Pa. Superior Ct. 398;
 
 Yost v. Davison,
 
 5 Pa. Superior Ct. 469. The question of the appealability of an order goes to the jurisdiction of the appellate court, and may be raised by the court itself:
 
 Reading Co. v. Willow Development Co.,
 
 407 Pa. 469, 181 A. 2d 288. Unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree or judgment which finally determines the action:
 
 Marshall Estate,
 
 403 Pa. 348, 168 A. 2d 745;
 
 Cavallo v. Metropolitan Life Ins. Co.,
 
 186 Pa. Superior Ct. 534, 142 A. 2d 393. Such an order, decree or judgment is not final unless it precludes a party from further action in the court wherein it is entered:
 
 1621, Inc. v. Wilson,
 
 402 Pa. 94, 166 A. 2d 271;
 
 MidCity Press, Inc. v. Cohen,
 
 199 Pa. Superior Ct. 133, 184 A. 2d 511. Even with the consent of all interested parties, appellate jurisdiction of an interlocutory order or decree may not be assumed:
 
 Sullivan v. Philadelphia,
 
 378 Pa. 648, 107 A. 2d 854;
 
 McGee v. Singley,
 
 382 Pa. 18, 114 A. 2d 141. Our latest discussion of the subject appears in the opinion of Judge Montgomery in
 
 Kennedy v. Banbury Equipment Corp.,
 
 202 Pa. Superior Ct. 242, 195 A. 2d 832, in which case, on our own motion, we quashed an appeal from an interlocutory order.
 

 Although the foregoing determines the appeal, we are impelled to add that appellant fares no better on the merits. County Court Eule 6 provides, inter alia, that a party appealing from the action of a Board of Arbitrators must, within twenty days, file (1) notice of the appeal, (2) an affidavit that the appeal is not taken for delay, (3) an appeal bond, and (4) a praecipe
 
 *520
 
 ordering the case for trial. Defendants in the case at bar complied with all of these requirements except-the fourth. They also paid the fees of the arbitrators. The court below, in discharging the rule, directed the trial commissioner to list the case specially, stating “that this eliminates any question of prejudice which the plaintiff might suffer because of the delay”.
 

 A trial court has wide power to construe its own rules to determine whether they are to be rigidly enforced or even to suspend them:
 
 McFadden v. Pennzoil Co.,
 
 326 Pa. 277, 191 A. 584. The interpretation of a rule of court is a matter for the determination of the court in which the rule has been promulgated:
 
 Commonwealth v. Morgan,
 
 280 Pa. 67, 124 A. 339. We will not interfere with a court’s construction of its own rules, unless the interpretation applied is so unreasonably exercised as to amount to an abuse of discretion:
 
 Babis v. New York Extract Co.,
 
 120 Pa. Superior Ct. 73, 181 A. 846;
 
 Germ v. Price,
 
 175 Pa. Superior Ct. 286, 104 A. 2d 166;
 
 Saturen v. Gibraltar Mutual Ins. Co.,
 
 192 Pa. Superior Ct. 117, 159 A. 2d 577. No such abuse of discretion is apparent in the instant case.
 

 The appeal is quashed.