Wallace, Appellant, *v.* Commonwealth.

Argued March 15, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Lee C. McCandless,* with him *McCandless & Mc-
Candless,* for appellant.

*George Specter,* Assistant Attorney General, with
him *Robert W. Cunliffe,* Assistant Attorney General,

*John R. Rezzolla,* Deputy Attorney General, and *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 18, 1967:

A portion of plaintiff-appellant's property located in Butler County was condemned on January 8, 1962 by the Commonwealth, for the purpose of building a national defense and interstate highway between Pittsburgh and Erie. A Board of Viewers awarded damages of $26,500. The Commonwealth filed an appeal in the Court of Common Pleas of Butler County, and a jury rendered a verdict for plaintiff in the amount of $12,500. Plaintiff filed a motion for a new trial, which was denied by the trial Judge on February 7, 1966.

On February 15, 1966, the Commonwealth entered judgment on the verdict. Plaintiff filed her notice of appeal on May 4, 1966, seventy-nine days after the date on which judgment was entered in the Court below.

The Act of June 22, 1964* provides that in condemnation cases ". . . either party may appeal to the Supreme . . . Court . . . from any final order or judgment of the court of common pleas within forty-five days from the entry thereof." The Commonwealth filed a motion to quash this appeal on the grounds that it had been filed thirty days too late.

Plaintiff contends that her appeal is timely, since it was filed within forty-five days *after she had notice* of the entry of judgment. She contends that under Local Rule VII of the Court of Common Pleas of Butler County, (a) she was entitled to receive notice from the Commonwealth of the entry of judgment, and (b) that the period for filing her appeal commenced upon the receipt of such notice. Rule VII provides: "Serv-

---

* P. L. 84, §523, 26 P.S. §1-523.

ice of papers. (a) Pleadings and papers relating to any cause pending in any Court of this County, unless otherwise provided for, shall be served on the attorney of record . . ."

We find no merit in plaintiff's contention. First of all, Local Rule VII does not expressly apply to entries of judgment and a reasonable construction of the rule could exclude the entry of a judgment from the phrase "pleadings and papers." Secondly, and more important and controlling, the limitation on the right to appeal created by the Act of June 22, 1964 is both clear and controlling. Local Court Rules, no matter how explicit, cannot negate or change the clear terms of a statute. Art. V, §3, of the Constitution of Pennsylvania gives the Legislature clear and specific authority to prescribe the period of time within which an appeal from a judgment may be taken to the *Supreme Court* of Pennsylvania. Under the facts in this case, where there is no fraud or wrongful or negligent act of a Court or a Court official, we must quash the appeal. *Cumberland Valley Savings and Loan Association v. Myers*, 396 Pa. 331, 338, 153 A. 2d 466; cf. also *Wise v. Cambridge Springs Borough*, 262 Pa. 139, 104 Atl. 863.

Appeal quashed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

The majority opinion permits the Commonwealth to win this case by the rigid application of the law without a recognition of the realities of the problem. Unfortunately, our statutes and procedural rules do not deal with this exact situation. Accordingly, the solution should depend upon our exercise of judicial administration. The situation here is quite different from the case where a remissive plaintiff asks the Court to excuse him from the consequences of his own negli-

gent or deliberate delay. Here the plaintiff will suffer, the majority holds, not as the result of some negligent act or delay indulged in by the plaintiff, but because of the action of the defendant done without notice to plaintiff which started the running of a period of limitation of which the plaintiff was unaware. Granted, we have no rule or statute requiring the defendant to serve notice upon the plaintiff of the entry of a judgment; such a rule might not be necessary when the defendant is the verdict-winner. But where the defendant is the loser, as the Commonwealth was in this case and enters the judgment in favor of the plaintiff without notice to the plaintiff and starts the running of the limitation period, proper judicial administration requires relief.

I dissent from the Court's action in quashing this appeal.