**Bokser v. Feraco**

*John D. Egnal,* for plaintiff.

*Robert Rosin* and *Stephen Weiss,* for defendant.

HIRSH, J., December 6, 1973.—The memorandum opinion dated June 21, 1972, in the above-captioned matter was filed in error and the following is in lieu thereof.

This matter is presently before this court on defendant's motion to quash plaintiff's appeal from the award of the arbitrators. On November 9, 1971, a three-member arbitration panel heard evidence in this case and on November 15, 1971, they made the following report and award: "We find in favor of the defendant and against the plaintiff." However, it was not until December 3, 1971, that this report and award was entered on the docket of this court. Thereafter, plaintiff had 20 days in which to file his appeal (Rule VI of the Compulsory Arbitration Rules of Philadelphia County and the Act of June 16, 1836, P. L. 715, as amended, 5 PS §71), but because of alleged misrepresentations by the chairman of the arbitration board as to the date of docketing, plaintiff delayed the filing of his appeal until December 27, 1971. It is this late appeal which is the present subject of defendant's motion.

According to Philadelphia County's Arbitration Rule VI, "[t]he right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty days after the entry of the award of the Board on the docket in the office of the Prothonotary." Plaintiff admits that he failed to file his appeal within that 20-day period, but argues that this court has broad discretionary powers when interpreting its own rules. In an opinion by the present President Judge Wright in Caples v. Klugman, 202 Pa. Superior Ct. 517, 198

A. 2d 342 (1964), the Pennsylvania Superior Court held that the lower court has broad discretion when interpreting its own rules, such as the ones presently before this court. Specifically, it was held that "[a] trial court has wide powers [when interpreting its own rules] to determine whether they are to be rigidly enforced or even to suspend them . . . The interpretation of a rule of court is a matter for the determination of the court in which the rule has been promulgated": Caples v. Klugman, supra, at 520.

In the present action, this court is faced with a situation in which it should exercise its discretion. Although there is virtue in the principle of the finality of litigation, this court feels that plaintiff's right to a trial, Smith Case, 381 Pa. 223, 112 A. 2d 625 (1955), should not be denied because of the capricious act of the arbitration chairman. Here, the record discloses plaintiff's unrefuted allegation that the arbitration chairman misled plaintiff's counsel when he stated that the report was filed either on Tuesday, December 7th or Wednesday, December 8th. Furthermore, this telephone conversation was necessary because the report and award of the arbitrators which was belatedly sent to plaintiff's counsel was not complete in that it did not fully and correctly indicate the date of the filing of the report and award. Because such information is highly pertinent to plaintiff's counsel and to the preservation of plaintiff's right of appeal, plaintiff's appeal and right to a trial should not be denied because of this misrepresentation. Furthermore, it is well established in this Commonwealth that the dereliction of the arbitrators should not operate as a penalty to any party: Damon & Foster v. Berger, 191 Pa. Superior Ct. 165, 155 A. 2d 388 (1959), and Boone v. Reynolds, 1 S. & R. 231 (1814).

In addition to the above, it should also be pointed out that compulsory arbitration in Pennsylvania is also governed by statute, Act of June 16, 1836, P. L. 715, sec. 21, et seq., 5 PS §21. However, that act was expressly repealed as it relates to compulsory arbitration in Philadelphia County: Act of May 1, 1861, P. L. 521, §1, 5 PS §146. Nevertheless, in Klugman v. Gimbel Bros., Inc., 198 Pa. Superior Ct. 268, 182 A. 2d 223 (1962), it was held that the repeal act of 1861 was "impliedly repealed," and accordingly, Philadelphia arbitration cases are still subject to the 1836 act. However, even if the statute controls, the decision in Klugman v. Gimbel Bros., Inc., supra, at 275, also held that the statute governing the appeal period, Act of June 16, 1836, as amended, 5 PS §71, should be relaxed and late appeals from arbitration awards permitted " '[w]here a party has been prevented·from appealing by fraud, or by the wrongful or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal . . .' " See also Wise v. Cambridge Springs Borough, 262 Pa. 139, 104 Atl. 863 (1918) and Wallace v. Commonwealth, 425 Pa. 210, 228 A. 2d 377 (1967).

Because of the unrefuted circumstances as outlined above, this court concludes that the arbitration chairman is a court official who acted wrongfully or negligently toward plaintiff and that such actions justify this court's intervention to guarantee plaintiff's right to a trial.

Accordingly, it is, therefore, ordered that the motion to strike the appeal is hereby denied.