369 A.2d 263

John J. POLASCIK, Appellant,

v.

William O. BALDWIN and Mary P. Barrett.

Superior Court of Pennsylvania.

Argued Dec. 12, 1975.

Decided Nov. 22, 1976.

2

George I. Puhak, Hazleton, for appellant.

No appearance entered nor brief submitted for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

This troublesome case is an appeal from an order dismissing appellant's motion to quash an appeal from an arbitrators' award.

On November 9, 1973, appellant filed a complaint in trespass against appellees, who are nonresidents, for property damage arising out of an automobile collision. On May 10, 1974, a panel of arbitrators awarded appellant $1,590.00.

The statute governing an appeal from an arbitrators' award provides, in pertinent part, as follows:

Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

I.  The party appellant, his agent, or attorney, shall make oath or affirmation, that "it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done."

II.  Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

III.  The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV.  Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after

**4**

the day of the entry of the award of the arbitrators on the docket.

. . . . . . . .

Act of June 16, 1836, P.L. 715, § 27, 5 P.S. § 71.

These requirements are jurisdictional. *James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 334, 346 A.2d 765, 767 (1975). Accordingly, where there has not ⹂been compliance with them, an appeal will be quashed, although we have held that where after "an honest effort . . . to meet the requirements of the statute," there has been "substantial compliance," we will not quash. *Black & Brown, Inc. v. Home for the Accepted, Inc.,* 233 Pa.Super. 518, 522, 335 A.2d 722, 724 (1975).[1]

In the instant case, appellant filed a motion to quash the appeal from the arbitrators' award alleging that appellees' counsel had altered the appeal papers to make it appear that the statutory requirements had been complied with when in fact they had not been. The court below dismissed the motion to quash without a hearing.[2]

Before we may consider the correctness of the order of the court below we must ask whether the appeal from the order is properly before us; we must do this

1. In *James F. Oakley, Inc. v. School District of Philadelphia, supra,* the Supreme Court held that the failure to pay in full the accrued costs was to be excused because of the "confusing and misleading state" of the prothonotary's costs docket. 464 Pa. at 335, 346 A.2d at 767–68. The Court therefore found it unnecessary to consider the correctness of the *Black & Brown* substantial compliance rule. *Id.* at 336, 346 A.2d at 768.

2. Before filing the motion to quash, appellant had filed preliminary objections containing allegations identical with those made in the motion to quash. The preliminary objections were dismissed because of appellant's failure to comply with a local rule governing the filing of briefs. The judge who entertained the motion to quash dismissed it because of the dismissal of the preliminary objections. Since the motion to quash alleged a defect in subject matter jurisdiction, however, it should have been entertained. *Daly v. School District of Darby Twp.,* 434 Pa. 286, 252 A.2d 638 (1969).

even though neither party has raised the question. *Jones v. Crossgates, Inc.*, 220 Pa.Super. 427, 289 A.2d 491 (1972); *see also Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 95 A.2d 776 (1953). Here, the appeal is not properly before us, for "[a]n appeal does not lie from an order refusing to strike off an appeal from arbitrators, as such an order is merely interlocutory." *Caples v. Klugman*, 202 Pa.Super. 517, 198 A.2d 342 (1964). To be sure, an interlocutory order is appealable if it presents a jurisdictional question. Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672. In such a case, however, the appeal must be filed within 20 days, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502, 17 P.S. § 211.502(d), which was not done here. Accordingly, the appeal will be quashed.

Ordinarily, this conclusion would end the matter, as far as we were concerned. In the circumstances, however, that would be inappropriate. Appellee's counsel is an officer of this court, and we cannot overlook or ignore the record, in any case that comes before us, in whatever way, so far as it may bear upon the manner in which counsel has discharged his professional responsibilities.

As already indicated, the motion to quash contained allegations calling into question the integrity of appellees' counsel. See Code of Professional Responsibility, DR 1–102(4) & (5), DR 7–102(A)(5). Despite this, counsel neither appeared at the oral argument before us, nor did he file a brief.

Since the arbitrators' award was entered on May 10, 1974, appellees had until May 30, 1974, to comply with the statutory requirements for appealing from the award. Act of June 16, 1836, *supra*, 5 P.S. § 71(IV). The appeal contains a certification by appellees' counsel, dated May 30, 1974, "that the above named appellant [from the award] has paid all accrued record costs as well as fees of Arbitrators in the sum of $192.25, and that I have mailed a true copy of the foregoing to counsel

for the appellee." (Record 10a) The appeal also bears a stamped indication by the Prothonotary of Luzerne County that it was "FILED '74 MAY 30 PM 1 46." (Record 11a) However, a copy of the Prothonotary's costs docket, which is an exhibit to the motion to quash, shows that in fact a check in payment of the $192.25 in costs was not received until June 19, 1974.[3] (Record 22a)

In addition to the foregoing, we note that the arbitration appeal bond contains obvious alterations. The bond bears the typewritten indication in the body of its text that it was dated May 29, 1974. The bottom of the bond, however, contains a space in which the Prothonotary of the court below is to indicate the date on which he approved the bond. It is apparent that this date was originally written in long hand as "June ——, 1974" (the day is illegible). The month and day have been erased, however, and "May 30th" superimposed. (Record 21a; the erasure is more evident in the original record) the Prothonotary's date stamp, on the reverse side of the bond, bears an even more obvious alteration. Originally, the bond was stamped "FILED '74 —— PM 2 10," the part indicated by the blank space being illegible (although upon close inspection one may be reasonably sure that "JUN" had been there). The month and day have been altered, and "May 30" superimposed in longhand. (Record 20a)

It may be that the alterations on the arbitration appeal bond were not the result of a deliberate attempt to mislead but represent some mere clerical inadvertence. Nevertheless, a substantial question is presented whether there has been an attempt to mislead.[4] Accordingly, the

3. Appellant's motion to quash (para. 5) and brief (at page 2) state that the date of receipt was June 18, 1974.

4. The statement in the concurring opinion that "the Court [has] engage[d] in de novo factfinding based solely on speculation concerning the state of the record" is without basis. There has been no factfinding de novo or otherwise. Someday, it is to be hoped,

appeal from the order of the court below is quashed, but the Prothonotary of this court is directed to furnish a certified copy of this opinion to the Disciplinary Board of the Supreme Court of Pennsylvania, for such further proceedings as may be appropriate.

HOFFMAN, J., files a concurring opinion.

HOFFMAN, Judge, concurring:

I agree with the Majority's conclusion that this appeal must be quashed because the appeal to this Court was not filed in a timely manner. *Caples v. Klugman,* 202 Pa.Super. 517, 198 A.2d 342 (1964); Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 502; 17 P.S. § 211.502(d). I do not join in the additional discussion because the Court engages in de novo factfinding based solely on speculation concerning the state of the record.

there will be, and a finding made whether there was an attempt to mislead. It is also to be hoped that the finding will be that there was not, but that must abide the event. Neither has there been any speculation. Nothing has been done except to describe the record. Every court is under a duty to read the record. When as a result of that reading a substantial question is presented whether counsel has properly discharged his professional responsibilities, the court cannot ignore that question without stultifying itself.