426 A.2d 152

**Carolyn L. FOLCARELLI, Administratrix of the Estate of Dolores Regina Folcarelli, Deceased, and Anthony Folcarelli, Appellant,**

v.

**TRANSPORTATION SERVICES, INC. and Delpha L. Hager.**

**Appeal of Carolyn L. FOLCARELLI.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Feb. 27, 1981.

Jerome B. Nulty, Souderton, for appellant.

Gilbert P. High, Jr., Norristown, for appellees.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

WICKERSHAM, Judge:

On the morning of September 3, 1975, Paul S. Hunsberger, Chief of Police of the Franconia Township Police Department, Montgomery County, was on routine duty. It was the first day of the new school year and the weather was clear. He received a radio call to respond to an accident on Indian Creek Road, Franconia Township and upon arrival learned that a school bus had come into contact with a twelve year old student by the name of Dolores Folcarelli. He observed that the school bus was parked or stopped much in the center of the highway and the child was in front of the left front wheel. She was unconscious and died two days later.

Thereafter, Carolyn L. Folcarelli, appellant herein, as administratrix of the estate of Dolores Regina Folcarelli, deceased, brought suit against Transportation Services, Inc. and Delpha L. Hager. The case proceeded to trial before a jury on April 18, 1978. The jury returned a verdict for the defendant following which post-verdict motions were filed by plaintiff's administratrix, argued and denied by the trial court by Order of November 8, 1978. It was from that Order that an appeal was taken to this court.

We have repeatedly advised the profession that an order refusing a new trial is interlocutory and is unappealable. Cf. *Bartkewich v. Billinger*, 430 Pa. 207, 241 A.2d 916 (1968), and cases cited therein. The appeal should not be

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

filed and may not be entertained until a final judgment is entered.

*Slagter v. Mix*, 441 Pa. 272, 272 A.2d 885 (1971); *Waasdorp v. DiGiuseppe*, 283 Pa.Super. 177, 423 A.2d 1047 (1980).[1] Appeal quashed.

1. Pa.R.A.P. 301(c) provides:

A direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, or a direction that a verdict of a jury be recorded or entered, or an order denying a motion for a new trial, does not constitute an appealable order. Any such order shall be reduced to judgment and docketed before an appeal is taken.

Although the appellee does not raise this issue, appealability of an order goes to the appellate court's jurisdiction and may be raised *sua sponte. Williams v. Williams*, 253 Pa.Super. 444, 385 A.2d 422 (1978); *Polascik v. Baldwin*, 245 Pa.Super. 1, 369 A.2d 263 (1976); 42 Pa.C.S.A. § 704(b)(2).