## Dieter, Appellant, *v.* Citizens' National Bank.

*Appeals—Premature appeal—Interlocutory order—Interpleader—Rule for judgment.*

Where in a suit on a cashier's check which involved the ownership of a bank deposit claimed by two parties, the court orders an interpleader on the money paid into court, and takes no action on a rule for judgment for want of an affidavit of defense, and the plaintiff takes an appeal alleging as error the interpleader order and the failure of the court to dispose of the rule for judgment, the appellate court will dismiss the appeal as premature and not based on any final order.

Argued Dec. 3, 1913. Appeal, No. 127, Oct. T., 1913, by plaintiff, from order of C. P. Lehigh Co., Jan. T., 1913, No. 61, on order, etc., in suit of Jacob Dieter, Executor of Estate of Sarah Houser, deceased, v. The Citizens' National Bank. Before RICE, P. J., HENDERSON, HEAD and PORTER, JJ. Appeal dismissed.

Assumpsit on a cashier's check. Before TREXLER, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in the following form:

1. The court erred in making absolute the rule to interplead.

2. The court erred in refusing to enter judgment in favor of the plaintiff and against the defendant for want of an affidavit of defense.

3. The court erred in not entering judgment under the pleadings and the act of assembly in favor of the plaintiff and against the defendant for the amount claimed in the plaintiff's statement of cause of action.

*Milton C. Henninger*, with him *Thomas D. Danner*, for appellant.

*Frank Jacobs*, for appellee.

OPINION BY HEAD, J., March 12, 1914:

In the present state of the record it is not easy to see on what foundation this appeal can rest. As appears from the copy of the docket entries and the record itself, printed in extenso in the appellant's paper-book, the situation is this: The plaintiff executor brought this action to recover the amount of a teller's or cashier's check which had been given to him in his fiduciary capacity by an officer of the defendant bank. Upon service of the writ and statement of claim, the defendant came into court by petition and set up the following estate of facts:

In the lifetime of the plaintiff's testatrix a special deposit had been made in the defendant bank by the said testatrix and one Priscilla Groff, to be held by the defendant upon the terms expressed in a writing signed by both of the parties named:

"Slatington, Pa., March 9, 1911. This account is subject to the order of either of the undersigned depositors; the balance at the death of either to belong to the survivor.

"(Signed) SARAH HOUSER.
"PRISCILLA R. GROFF."

That at the time of the death of the said testatrix there remained in the bank a certain sum (not in dispute) in the said account; that when the plaintiff executor called at the bank in relation to the said account, the cashier by a mistake gave to him, in his own name as executor, a cashier's check for the amount of the said balance; that later on when said check was presented for payment, the facts having meantime become known to the paying officer, payment thereof was refused; that in consequence of said refusal, suit had been brought by the executor; that the amount of said balance was also claimed by Priscilla Groff, the survivor of the joint depositors, and that suit by her would likely follow the payment of the money to the plaintiff executor.

The bank, further setting forth that it had no interest whatever in the fund; that it was a mere stake-holder for the real owner of it, and that suit having been brought by the plaintiff, was also threatened by the survivor, prayed that a rule be granted to show cause why the rival claimants for the fund should not be required to interplead. The court granted the rule which was served on the plaintiff. The plaintiff then obtained a rule to show cause why judgment should not be entered in his favor for want of an affidavit of defense, which was served. The plaintiff answered the rule to interplead by stating that as he held a cashier's check on which he had sued, the bank was estopped from making any defense thereto. The defendant answered the rule to show cause why a summary judgment should not be entered by setting forth the pendency of the interpleader proceeding.

In this condition of the record the learned court below made but a single order. We quote it:

"The rule to interplead is made absolute; the petitioner is directed to pay the money in question into court; Priscilla R. Groff is to be joined as a party to this action, and unless she appears voluntarily within the next ten days and joins in the action in order that a feigned issue may be framed for the trial of the question as to whom the money belongs, process looking to that end will be issued. By the Court. May 22, 1913." The plaintiff then took this appeal.

From what does he appeal? If from the order just quoted, it is manifest his appeal is premature because that is but an interlocutory order. But he argues that he also appeals from the refusal of the court to enter a judgment in his favor. But the learned judge below never made any final disposition of the rule pending for that purpose, doubtless holding, as he would be warranted in doing, that the pendency of the interpleader proceeding properly suspended disposition of that rule. In either aspect of the case the plaintiff's

appeal is without foundation. This becomes apparent upon an examination of his assignments of error, no one of which conforms to our rules of court. The second and third assignments could not be made to conform for lack of an order or decree disposing of the rule for judgment. Even if we overlook the defect in the first assignment of error and regard it as sufficient in form, it cannot be sustained for the reason that the order appealed from is manifestly interlocutory.

Upon the trial of the interpleader proceeding, the plaintiff will have an opportunity to raise the legal questions which he has argued before this court, and it may be there will be an adjudication in his favor. If, however, that issue should be determined against him, then he ought to have the right to appeal from a definitive judgment, but in that event he would have to be heard again on the same questions he urges upon our consideration now.

For these reasons we are of opinion the appeal has been prematurely taken and must be dismissed, without prejudice, however, to the right of the appellant to have another writ in case he should be aggrieved by the final judgment that will ultimately be entered.

Appeal dismissed at the costs of the appellant, but without prejudice, etc.