## Leach et al. v. Brothers et al.

*Clarence A. Patterson* and *Hildebrand & Hildebrand*, for plaintiffs.

*Cobau & Berry*, for additional plaintiff.

*Wylie McCaslin*, for defendants.

BRAHAM, P. J., December 24, 1941.—This case comes before the court en banc upon a petition for revocation of an order granting interpleader. The facts may be briefly stated.

On May 8, 1941, plaintiff, Harold M. Leach, brought suit in assumpsit against Mary M. Brothers and Cassie J. Brothers, defendants, to recover a real estate commission of $300, alleged to have been earned by plaintiff under an oral contract of employment for the sale of defendants' property to E. L. Vincent. Plaintiff alleges his original employment on November 8, 1940, an initial showing of defendants' property to Vincent and wife on November 11, 1940, for $6,800, a counter-offer of $6,000 on November 18, 1940, a second offer by defendants of $6,300, out of which plaintiff should retain a commission of $300, and a second counter-offer by Vincents—on a date not specified—to pay $6,300, if the draperies and curtains were included. This was agreed to by both parties. Later, on December 7, 1940, defendants sold the property to Vincents for $6,300. So runs the statement of claim.

On May 19, 1941, defendants filed a petition for an interpleader alleging that about the same time the sale of land was made by petitioners, Edward D. Pritchard, another real estate broker, made a verbal claim upon petitioners for the same sum of $300 on the ground that he had procured the purchaser and sold the property. Defendants in their petition for an interpleader ex-

plicitly disclaimed any interest in the sum of $300 and alleged they "had not admitted the claim of, or subjected themselves to, independent liability to plaintiff or any claimant in respect of the subject of this action".

Upon this petition for an interpleader no rule or other process was issued, but on June 2, 1941, defendants, by stipulation filed in court, consented to the court's directing an interpleader; whereupon, on June 13, 1941, the court made an order adding Edward D. Pritchard to the record as a party plaintiff, enjoining him from any attempt to collect his claim against defendants other than in this suit, and directing him to file within 20 days a written statement of his claim.

On July 3, 1941, Edward D. Pritchard, the added plaintiff, filed a statement of claim, a copy of which was served upon the attorneys for defendants and also upon the attorneys for the original plaintiff. In this statement of claim Pritchard alleged that he had originally pointed out the premises of defendants to one E. L. Vincent, on November 3, 1940. On November 18, 1940, he was orally employed by defendants to make sale of the property. On November 22, 1940, Vincent orally agreed to buy the property for $6,300, provided the draperies and curtains were included, and on the same day defendants orally agreed to sell on these terms. Cassie J. Brothers, one of the defendants, signed a writing authorizing Edward D. Pritchard to act as "my agent for the completion of this sale". The price was to be $6,300, $500 down and $5,800 upon the delivery of the deed. Pritchard was to receive a commission of $300. This writing dated November 22, 1940, was signed by Cassie J. Brothers who is alleged to have signed on behalf of herself and the other defendant, her sister.

On October 4, 1941, plaintiff filed a petition for revocation of the order of interpleader, contending that defendants did not disclose the true state of facts when they asked for an interpleader, defendants having alleged that they "had not admitted the claim of, or sub-

jected themselves to, independent liability to the plaintiff or any claimant in respect of the subject of this action."

Defendants filed a reply to this petition to revoke but nowhere do they deny any of the facts. In particular they do not deny the writing given to Pritchard, contenting themselves with a denial of the sufficiency of the petition.

Upon a comparison of the two statements of claim it is perfectly apparent that defendants have two disputes on their hands. On the one hand is plaintiff who claims to have been employed to make sale of this property, to have sold it, and to be entitled to the commission. On the other hand is Mr. Pritchard, who says he sold this property and is entitled to his commission, attaching to his statement of claim a writing signed by one of the defendants. Conceivably defendants have so handled their affairs as to be liable to both these real estate agents.

This is precisely the situation intended to be guarded against by Pa. R. C. P. 2306(a), which reads as follows:

"(a) The court shall direct an interpleader if the petition is in conformity with these rules and the allegations thereof are established either by proof or by the failure of the plaintiff to file a sufficient answer; but the court may deny the petition if the defendant. . . .

"(2) has admitted the claim of, or subjected himself to independent liability to, the plaintiff or any claimant, with knowledge that an inconsistent claim would be later asserted against him by any known or unknown person."

Clearly one of the defendants had and, if plaintiff's allegations be correct, both defendants have subjected herself or themselves to independent liability to Mr. Pritchard, if he closed the sale. Thus, although Mr. Leach may have actually secured the purchaser who

was willing to pay the amount agreeable to defendants, it may appear that he did not conclude the sale, through no fault of his own, but because defendants interfered by introducing another real estate agent. Defendants themselves could not break off negotiations being carried on by a real estate broker so as to avoid the payment of a commission to him; neither could they do it through another agent. On the other hand, if defendants desired to hire Mr. Pritchard either to assist in the negotiations or to carry them forward to completion, that is their business; but they must pay for services actually performed under contract with them.

Neither of the real estate brokers claims to have an exclusive contract for the sale of this real estate. In such a situation the general rule as stated in 8 Am. Jur. 1104, §194, is as follows:

"Unless a broker is given an exclusive agency he is not entitled to commissions upon a transaction negotiated without his aid through the efforts of another broker. The law, however, will not permit a broker who has found a prospective customer and is in the midst of negotiations with him to be deprived of his commissions by the consummation of such negotiations by the owner through another broker, even though the sale is for a price less than the first broker is empowered to receive."

The well-established rule in Pennsylvania is that "an agent has earned his commission when he produces a purchaser who is able and willing to buy the property on the price and terms fixed by the owner . . . and this is emphatically true where, as here, the sale is actually consummated. . . . It is not material that the negotiations are concluded directly with the owner": Sowney v. Bair, 269 Pa. 448; Jacobs v. McKelvey, 130 Pa. Superior Ct. 417.

Thus defendants may have become liable to plaintiff, Mr. Leach, under the principle as last stated, and they may have become liable to Mr. Pritchard by vir-

ture of an explicit contract with Pritchard that he was to close the sale.

Once these principles of the substantive law be kept clearly in mind there is no difficulty about the problem involved in the request for this interpleader. The principles stated by our Superior Court, speaking through President Judge Keller in Fisher v. Stevens Coal Co. et al., 136 Pa. Superior Ct. 394, are decisive. It is not necessary for us to detail the authorities collected in the Stevens case which so admirably justify the decision. It is sufficient to observe that defendants have clearly a dispute with each of the real estate brokers who claim this commission and they have, in writing, given one broker specific authority to close the deal, for which they agreed to pay the precise amount in question, this assuming the allegations of agency to be proven.

There are two authorities in other jurisdictions squarely on the point. Each involves the right of the owner of real estate, when demand is made upon him by a real estate broker for payment of commission for the sale of real estate, to bring in another broker who is alleged to have sold the same property and to be entitled to the commission. The two cases are Maxwell v. Frazier, 52 Ore. 183, 96 Pac. 548, and Hoyt v. Gouge et al., 125 Iowa 603, 101 N. W. 464. These cases involve proceedings by bill in equity for an interpleader but, as pointed out in Fisher v. Stevens Coal Co. et al., supra, the same principles now control interpleader at equity as at law. The controlling principle is stated in Hoyt v. Gouge et al., supra, p. 605, as follows:

". . . the object of the bill is not to protect a party against double liability, but against a double vexation in respect of one liability." This is also the rule of all our cases.

To be sure, plaintiff specifically agreed to an award of the interpleader but this was before plaintiff was aware that one of the defendants had signed a specific authorization to Mr. Pritchard to complete the sale of

the real estate for which he was to receive the sum of $300. If this information had been contained in defendants' original petition for an interpleader no doubt plaintiff would have resisted the granting thereof.

Entertaining these views we make the following

### Order

Now, December 24, 1941, after full consideration of this matter, the order of court dated June 13, 1941, whereby interpleader was granted, is discharged and the interpleader is dismissed. Defendants are directed to file their affidavits of defense within 15 days from the service hereof.