McCrady-Rodgers Company, Appellant, *v.* Housing Corporation.

Argued October 5, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*W. F. McCrady, Jr.*, with him *McCrady & Nicklas*, for appellant.

*George D. Lockhart*, with him *John G. Frazer, Jr.*, and *Kirkpatrick, Pomeroy, Lockhart & Johnson*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1948:

The question raised by this appeal is whether under the Pennsylvania Rules of Civil Procedure interpleader is precluded because defendant subjected himself to independent liability to plaintiff?

On November 14, 1946, the defendant, The Housing Corporation, a Pennsylvania corporation (hereafter called Housing), entered into a contract with P. & K. Woodcrafting Company, Inc. (hereafter called Woodcrafting) and Steve Demko for the erection of 500 houses on its land in Allegheny County. On November 15, 1946, Housing agreed with McCrady-Rodgers Company, plaintiff in this suit and now the appellant, as follows: *"Upon certification of the delivery of the materials and authorization of payment by the P. & K. Woodcrafting Company*

*and Steve Demko we will pay McCrady-Rodgers Company the amounts that have been certified as correct."* Plaintiff furnished materials to Woodcrafting from November 1946 to April 1947 on invoices certified by Woodcrafting and Demko to defendant, amounting in March and April to $25,424.19, for which suit is brought. On March 17, 1947, Woodcrafting assigned all moneys due it from defendant Housing to Brookline Savings and Trust Company; on April 19, 1947, Woodcrafting assigned to plaintiff $25,424.19 out of any moneys due it from defendant; on September 6, 1947, the court appointed Ernst Ruth as receiver for Woodcrafting. The bank and the receiver notified Housing (defendant) to pay no moneys to Woodcrafting; the receiver demanded payment in full for all instalments of the construction contract, without deduction of the payment claimed by plaintiff from defendant. Defendant has not admitted liability on the claim of plaintiff. On these facts the court below granted the petition for interpleader from which order this appeal is taken by the plaintiff.

Prior to the adoption by this Court of the Rules of Civil Procedure, effective January 22, 1940, reported in 335 Pa. xxxiv, a defendant was required to disclaim all interest in the action before he could obtain an interpleader. See note to Rule 2303, xxxv. See *Fisher v. Stevens Coal Company,* 136 Pa. Superior Ct. 394, 7 A. 2d 573, and cases therein cited. Rule 2302 permits the grant of an interpleader by defendant with plaintiff and one or more claimants not parties of record. Under Rule 2306 (c) (1) defendant is now permitted to have an interest in the litigation. Under Rule 2303 (a) (4) petitioner must disclose whether he has subjected himself to independent liability to the plaintiff or any claimant, and if so the court *may* under Rule 2306 (a) (2), deny the interpleader. See note of Rules Committee, p. xli.

Appellant asserts that defendant *did* subject itself to independent liability to plaintiff. It relies on *Snedaker & Co. v. Wayne Title & Trust Company,* 139 Pa.

Superior Ct. 381, 11 A. 2d 776. There a title company, for a premium paid by an owner in a building contract, guaranteed the completion of a building. The owner deposited a sum of money with the company. The company guaranteed the payment of bills of plaintiff (sub-contractor) on approval of the architect and owner. When plaintiff sued, the defendant title company sought to interplead the plaintiff and the owner. A dispute had arisen between the title company defendant and the owner concerning the balance of deposit to be returned to the owner. The Superior Court held that the contract between the title company and the sub-contractor was an independent contract, with which the owner was not concerned, and refused interpleader. The present case is readily distinguishable from the *Snedaker* case. Here the owner (defendant) agreed to pay the bills of the sub-contractor (plaintiff) on the certification of their correctness by the general contractors. These sums were not *in addition* to the amount of the contract between the owner and the contractors. By *necessary implication* the contractors agreed, upon their approval of the plaintiff's bills, *that such amounts should be credited to the owner on account of the amount it should pay the contractor.* A bank, an assignee of Woodcrafting, has notified defendant not to pay any part of the sum claimed by plaintiff because the bank claims *all* the amounts due Woodcrafting under its assignment. The receiver of Woodcrafting has instituted suit to collect from the defendant *all* sums of money due Woodcrafting under its contract. Defendant is thus exposed to the expense and vexation of being sued in three separate actions and is in danger of being held thrice liable upon the same cause of action. If defendant pays plaintiff the bank might recover the amount because of its assignment. The receiver, representing the insolvent general contractor, might also recover. As the parties are all interested in the same building operation we see no valid objection in having their respective rights litigated and deter-

mined in the same action. We approve what is said in Goodrich-Amram, section 2303(a)3: "Interpleader may be granted . . . even though the same claim is not asserted or the same relief is not demanded by both claimants. The only essential element is that the respective claims are mutually inconsistent and if enforced in separate actions would expose the defendant to double liability in regard to the same matter."

The order is affirmed. Costs to abide the event.