## Cavallo, Appellant, *v.* Metropolitan Life Insurance Co.

Argued March 18, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Pershing N. Calabro,* for appellant.

*W. Thomas Berriman,* with him *Owen B. Rhoads,* and *Joseph Howland Collins,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

Frances C. Cavallo as Executrix under the will of Louis Cavallo, deceased, filed a complaint in assumpsit for the cash surrender value of three policies of insurance issued on the life of Louis Cavallo, which apparently were cancelled for reasons not apparent in the record. The total claim against Metropolitan Life Insurance Company amounts to $444.27. Plaintiff claimed that the policies were purchased and paid for by Louis Cavallo and plaintiff and all incidents of ownership and control were retained by them. Louis Cavallo died on April 5, 1956. To this claim, appellee filed a petition for interpleader, alleging that Joseph C. Cavallo and Maryann Cavallo Marano claimed ownership and the right to possession of the same and asked the court below to interplead these claimants so that the ownership may be determined. Appellee made the averments required by Rule 2303 of the Rules of Civil Procedure. To this an answer was filed by appellant in which the allegations were either admitted

or not sufficiently denied so as to raise any issues of fact. To the allegation that defendant has not admitted any liability to the plaintiff or to either of the claimants nor incurred any dependent liability to any of them, plaintiff merely denied the allegation and stated that defendant offered to pay the money to plaintiff if plaintiff would obtain either the joinder or release of the claimants.

On these pleadings, the court below granted the interpleader, added the claimants as parties plaintiff and enjoined them from commencing or further prosecuting any action against defendant except as parties to the action filed. From said adjudication the plaintiff has taken this appeal.

We have held that an order directing interpleader is interlocutory from which an appeal will not lie. *Silveus v. Sayers*, 67 Pa. Superior Ct. 8; *Dieter v. Citizens' National Bank*, 56 Pa. Superior Ct. 389. The only exception to this rule was enunciated in *Fisher v. Stevens Coal Co.*, 136 Pa. Superior Ct. 394, 7 A. 2d 573, where the petition for interpleader shows on its face or where it clearly appears from the answer on the rule granted on such petition that the petitioner has made itself liable to both claimants on independent claims. The facts of this case do not come under such an exception and, therefore, this appeal is governed by the general rules regulating appeals. Unless a special right to appeal is expressly given by statute, an appeal will lie only from a definite order, decree or judgment which finally determines the action. *Washcalus Appeal*, 170 Pa. Superior Ct. 20, 84 A. 2d 220; *Paul v. Smith*, 343 Pa. 63, 21 A. 2d 919; *Epstein v. Kramer*, 374 Pa. 112, 96 A. 2d 912.

Appellant contends that under Rule 209 of the Rules of Civil Procedure the taking of testimony is required when the answer denies the averments of the petition.

This rule, however, provides that when an answer is filed, the petitioner may either proceed with the taking of testimony upon the disputed allegations of fact or may order the cause for argument on petition and answer. The rule here issued was made absolute on the petition and answer.

This appeal is from an interlocutory order and is, therefore, dismissed. Each party to pay its own costs.