## Winnet *v.* Brenner, Appellant.

Argued October 3, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Walter Stein,* with him *Harold Berger,* and *Berger and Stein,* for appellant.

*Donald Brown,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 13, 1962:
This is an appeal from a decree of the Court of Common Pleas No. 2 of Philadelphia County granting appellee Winnet's complaint for equitable interpleader.

Prior to this action appellee was designated escrow in an agreement of sale of stock to appellant Samuel B. Brenner as agent for undisclosed principals. Pending the closing of the sale, appellant deposited the sum of $100,000 with appellee in his capacity as escrow pursuant to the terms of the agreement. The agreement of sale provided that "in the event the buyer defaults in his obligation to make payment of the balance of the purchase price at closing," the $100,000 paid to escrow shall be delivered to the sellers as liquidated damages. The closing did not take place and, consequently, conflicting demands for the $100,000 fund held by appellee escrow were made by the buyer and the sellers.

Appellee thereupon filed a complaint in equity for interpleader alleging that conflicting demands had been made upon him by the parties to the agreement for the $100,000 in his custody and that the parties had threatened to institute suit against appellee to compel payment of the money which he was holding in escrow under the agreement. The complaint alleged further that appellee might be subjected to multiple liability to one or more of the parties to the agreement if he made distribution of the funds which he held in escrow. Appel-

lee also alleged that he was ready and willing to pay the funds to whomever was entitled thereto but could not safely pay them to either or any of the parties to the agreement. And finally, appellee alleged that he had no interest in the fund which he was holding in escrow under the agreement.

The answer of appellant admitted the allegation that the sum of $100,000 was deposited with appellee, but denied that appellee was a naked stakeholder. On the contrary, the answer averred that appellee was acting as agent for the sellers—in addition to his escrow function appellee also served as counsel for sellers—and that under the terms of the agreement it was the duty and responsibility of appellee to furnish appellant with certain documents described in the agreement of sale.

Upon appellee's motion for a judgment on the pleadings, the lower court granted appellee's prayer for interpleader and directed that the buyer and sellers join issue so that it could be determined which of the parties to the agreement was entitled to the funds of $100,-000. The court decreed that the $100,000 held by appellee should be delivered to a bank selected by the court. The buyer took an appeal to this court and the appellee filed a motion to quash the appeal on the grounds that the order granting interpleader was interlocutory.

If a decree or order is interlocutory it is a well-established rule of law that it is not appealable unless expressly made so by statute. *Sullivan v. Philadelphia,* 378 Pa. 648, 107 A. 2d 854 (1954). The purpose of this rule is to dispose of litigation by a single appeal rather than prolonging litigation by permitting a series of piecemeal appeals. *Mackowain v. Gulf Oil Corporation,* 369 Pa. 581, 87 A. 2d 314 (1952). In this case, since no statute confers the right to appeal, we must determine whether the decree is final or whether it is interlocutory. We conclude that the decree of inter-

pleader is interlocutory. *Cavallo v. Metropolitan Life Insurance Company*, 186 Pa. Superior Ct. 534, 142 A. 2d 393 (1958).

Until a final disposition is made of the $100,000, an appeal is premature since the propriety of the interpleader can be questioned later in an appeal from the decision resolving the controversy between the buyer and the sellers.[1] *Dieter v. Citizens' National Bank*, 56 Pa. Superior Ct. 389 (1914). In addition, the decree should not be considered a final one since the possibility always remains open that the lower court might reconsider upon hearing the case in chief, and later revoke its decree of interpleader. See *Leach v. Brothers*, 44 Pa. D. & C. 438 (1941).

In support of his position appellant cites *Fisher v. Stevens Coal Company*, 136 Pa. Superior Ct. 394, 7 A. 2d 573 (1939). In that case the court first stated the general rule that an order directing interpleader is interlocutory. It then went on to say that where the petition for interpleader shows on its face, or where it clearly appears from the answer, that the party asking for interpleader is not a mere stakeholder but "has incurred an independent liability to either of the claimants . . . and . . . does not stand indifferent between them, but has a contest of his own with the several claimants," then the order of interpleader shall not be considered interlocutory and an appeal will lie. This limitation on the general rule that an order of interpleader is interlocutory is not applicable to the facts of the instant case.

In the case before us the complaint alleged in no uncertain terms that the escrow was a naked stakeholder who disclaimed all interest in the fund. The answer did not clearly refute this allegation. It merely

---

[1] In fact, if this controversy is resolved in favor of the appellant then the question before us would become moot.

stated that the escrow served as agent of the sellers and that he had a duty under the agreement to furnish certain documents to the buyer. The lower court correctly pointed out that the duty to furnish these documents is separate and apart from any liability or responsibility with respect to the fund. Moreover, the mere fact that the answer alleges that the stakeholder is also agent for one of the parties at the very least does not clearly show—in fact, it is doubtful whether it indicates at all—that the stakeholder is not disinterested. Thus, if we apply the formulation laid down in *Fisher* to the facts of the present case we still conclude that the decree of the court below is interlocutory.

It should be noted that in *Fisher* there was an obvious attempt by the petitioner to escape liability by paying an amount which he might owe to two different parties under two separate contracts into court in order to limit his liability to the sum deposited with the court. In that case the Superior Court recognized that the lower court had patently misapplied the law by granting interpleader and felt that it should rectify this abuse even though the order appealed from was interlocutory.

In the arguments before us there was some confusion as to the scope of the decree of the court below. Since the complaint only prayed that the court "exonerate plaintiff from any liability for failure to make distribution" of the fund, the decree was obviously intended only to release the escrow from any further responsibility and liability with respect to delivering the fund. The question of absolving the escrow from any liability arising out of his duties under the agreement of sale, or from his duties as attorney for one of the parties, was not before the court.

Appeal quashed, at appellant's cost.