Genro, Inc., Appellant, *v.* International Chemical and Nuclear Corporation.

*Richard C. Witt,* with him *Jones, Gregg, Creehan & Gerace,* for appellant.

*C. William Berger,* with him *Berger & Kapetan,* for appellee.

OPINION BY JACOBS, J., March 27, 1973:

This is an appeal from a lower court's order directing an interpleader, pursuant to Pa. R. C. P. No. 2306.

The facts are as follows: Plaintiff Genro, Inc., filed a complaint in assumpsit against defendant International Chemical and Nuclear Corporation in December of 1969. The complaint alleged that defendant had failed to pay for certain repairs which plaintiff made on a building in accordance with three contracts; it also alleged that defendant had consumed a number of hours of plaintiff's time by failing to make available on schedule the premises to be repaired. Damages were requested in the amount of $12,072.91, of which $11,756.25 was attributed to the price of repairs made and $316.66 to the value of time consumed by the delay.

On February 28, 1972, defendant petitioned for interpleader as provided for in Pa. R. C. P. Nos. 2301-19 and 2324-25. It alleged that one W. W. Alberts was asserting a claim inconsistent with[1] that of the plaintiff.[2] Although it appears that the claims of W. W. Alberts and of the plaintiff were not inconsistent as to all of their items, this fact would not render interpleader, as provided for in the Rules of Civil Procedure, inappropriate.[3] The interpleader petition requested that the court order the plaintiff, Genro, Inc.,

---

[1] "It is essential to the granting of an interpleader that there be an adverse claimant.

"The adverse claimant is not merely one who makes a claim against or adverse to the defendant, but . . . [one whose] assertion . . . is inconsistent with or adverse to the claim made against the defendant by the plaintiff or plaintiffs in the action." 4A R. Anderson, Pennsylvania Civil Practice § 2306.4, at 211 (1962).

[2] In an application of Pa. R. C. P. No. 2303(a)(1), " '[t]he only essential element [in granting interpleader] is that the respective claims are mutually inconsistent and if enforced in separate actions would expose the defendant to double liability in regard to the same matter.' " *McCrady-Rodgers Co. v. Housing Corp.*, 360 Pa. 275, 279, 61 A.2d 866, 868 (1948), *quoting* Goodrich-Amram § 2303(a)-3.

Rule 2303(a)(1) reads: "(a) The petition for interpleader shall allege (1) that a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff."

Prior practice regarding the applicability of interpleader was, of course, considerably more restrictive than it is under the present Rules of Civil Procedure. *See* Notes of the Procedural Rules Committee to Pa. R. C. P. No. 2303.

[3] "The possibility of double liability is not required as to all the items included in the claims of the adverse party and the plaintiff. When several matters are joined in a single action, double liability may exist as to certain items only, but this is sufficient to warrant interpleader." Goodrich-Amram § 2303(a)-3, at 27 (1962). The requirement of Pa. R. C. P. No. 2303(a)(1) is that "the defendant [be or possibly be] exposed to double or multiple liability

and the claimant, W. W. Alberts, to interplead. The court, acceding to the petition, ordered that W. W. Alberts be added to the record as a party plaintiff.[4]

The basis for defendant's assertion that the claim of the plaintiff and that of the claimant were adverse, or mutually inconsistent, with respect to defendant's liability, was that it would have been impossible for plaintiff's repairs to have been properly made (and thus for its claim to be valid) and at the same time for claimant to have suffered all the damage it alleged (and thus for *its* claim to be valid). The damage alleged by the claimant included loss incurred by virtue of improper repairs made on the building, which claimant owned, during defendant's leasehold.[5] In its answer to the petition for interpleader, plaintiff admitted that claims against the defendant by the claimant were "inconsistent with the cause of action" by the plaintiff. It further admitted that the claimant was claiming substantial amounts from the defendant on the basis of improperly done work by the plaintiff.

---

to the plaintiff and to [the] claimant as to all or any part of the claim asserted by the plaintiff."

[4] Under Pa. R. C. P. No. 2304, an interpleaded claimant is to be made a party plaintiff in the action. The original plaintiff and the claimant become plaintiffs-in-the-alternative. *Slavin v. Slavin*, 368 Pa. 559, 84 A.2d 313 (1951); *see* Goodrich-Amram § 2304-2 (1962).

[5] As it appears in appellant's brief, paragraph 10 of a complaint filed by the claimant in a suit against the defendant had alleged: "In the course of removing the air conditioners, blowers, vents and other appliances from the roofs, further damage was done thereto, and the defendant then attempted to repair the said roofs, and in the course of that repair, the roofs leaked, causing further damage to the interiors of the buildings. The attempted repairs to the roofs by the defendant, through its contractors and employees, was not successfully accomplished, so that the plaintiff has been required to expend large sums of money to repair the damage thereto, and will in the future be required to spend additional sums to repair the roofs."

From the order directing an interpleader, the plaintiff has appealed.

In Pennsylvania, an interlocutory order is not appealable, absent express statutory authorization. *Winnet v. Brenner*, 409 Pa. 150, 185 A.2d 318 (1962); *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); *H. P. Starr & Sons, Inc. v. Stepp*, 206 Pa. Superior Ct. 15, 211 A.2d 78 (1965). "The purpose of this rule is to dispose of litigation by a single appeal rather than prolonging litigation by permitting a series of piecemeal appeals." *Winnet v. Brenner,* supra at 152, 185 A.2d at 319. In general, orders directing interpleader are considered interlocutory. *Cavallo v. Metropolitan Life Ins. Co.,* 186 Pa. Superior Ct. 534, 142 A.2d 393 (1958). *See* Goodrich-Amram § 2306(c)-6 (1972 Supp.); 4A R. Anderson, Pennsylvania Civil Practice § 2306.17 (1972 Supp.). They are so treated because of a belief that the final, determinative order in an interpleader case is that disposing of the property in issue; and a belief that an order which the trial judge may well choose to change as the facts are developed during trial should not be considered conclusive. *Winnet v. Brenner,* supra. However, this Court has held that an exception to the rule treating interpleader orders as interlocutory exists in the event that such orders are "definitive and determinative of substantive rights." *Fisher v. Stevens Coal Co.,* 136 Pa. Superior Ct. 394, 397, 7 A.2d 573, 575, *allocatur refused,* 136 Pa. Superior Ct. xxxi (1939). *Fisher* held that where it appeared on the face of a petition for interpleader, or on a rule granted on the petition, that the party seeking interpleader might have incurred dual liability with respect to claims to the funds which it desired to pay into court, an order granting interpleader—which would have precluded recovery by both parties on their claims—was determinative of substantive rights and could be appealed.

In the present case, the answer of the plaintiff to defendant's petition for interpleader admits that "W. W. Alberts [claimant] has made claims upon the Petitioner [defendant] which are inconsistent with the cause of action asserted herein by Genro, Inc. [plaintiff] against petitioner."[6] Consequently, it does not appear on the face of the interpleader pleadings, or on the order directing interpleader, that the defendant may have subjected itself to liability to both plaintiff and claimant, with respect to the claims as to which interpleader was sought. The *Fisher* exception not being applicable, the general rule prevails and the order must be classified as interlocutory. *Winnet v. Brenner*, supra. The propriety of interpleader under the circumstances presented in this case may be raised on an appeal from a final order disposing of the claims in question.

Appeal quashed.

---

[6] Under Pa. R. C. P. No. 2306(a) a failure of a plaintiff to sufficiently answer an allegation in a petition for interpleader establishes the allegation. The plaintiff in the case at bar not only did not sufficiently answer the allegation of inconsistency, but admitted it.