Almi, Inc. *v.* Dick Corporation et al., Appellants.

*Jack W. Plowman,* with him *Plowman & Spiegel,* for appellant at Nos. 97 and 168.

*Robert Palkovitz,* with him *David S. Palkovitz,* and *Palkovitz & Palkovitz,* for appellant at Nos. 135 and 201.

*Bruce I. Kogan,* with him *Richard S. Crone, Crone & Zittrain, Lawrence J. A. Purpura,* Special Assistant Attorney General (Pa.), *David S. Palkovitz, Scott P.*

*Crampton,* Assistant Attorney General (U.S.), *Meyer Rothwacks, Crombie J. D. Garrett,* and *Carolyn R. Just,* for appellee at No. 97.

*Harry R. Levy,* with him *Richard S. Crone, Jack W. Plowman, Lawrence J. A. Purpura,* Special Assistant Attorney General (Pa.), *Scott P. Crampton,* Assistant Attorney General (U.S.), *Meyer Rothwacks, Crombie J. D. Garrett* and *Carolyn R. Just,* for appellee at Nos. 135 and 201.

*Harry R. Levy, Richard S. Crone* and *Lawrence J. A. Purpura,* Special Assistant Attorney General (Pa.), for appellee at No. 168.

OPINION BY JACOBS, J., June 14, 1973:

In this case involving interpleader under the Pennsylvania Rules of Civil Procedure,[1] both the party seeking interpleader and one of the interpleaded claimants appeal from the lower court's order and subsequent clarifying order. Because no final order has been entered in the case, we quash the appeals.[2]

The facts pertinent to our disposition of the appeal are as follows: Following the settlement of a lawsuit between Almi, Inc., and Dick Corporation, in which it was agreed that the latter owed $30,000 to Almi, Dick petitioned the lower court to grant interpleader with respect to $15,000 of the settlement. After considering objections of certain of the claimants who were interpleaded in the action, the court declined to permit fur-

---

[1] Interpleader in actions at law is provided for in Pa. R. C. P. Nos. 2301-19 and 2324-25.

[2] "If a decree or order is interlocutory it is a well-established rule of law that it is not appealable unless expressly made so by statute." *Winnet v. Brenner,* 409 Pa. 150, 152, 185 A.2d 318, 319 (1962). There is no statute which would permit an appeal at this stage of the present case.

ther interpleader proceedings as to less than the full $30,000 and entered the following order: "AND NOW, to wit, this 14th day of December, 1972, for the reasons set forth in the within Opinion, defendant Dick Corporation is hereby directed to deposit with the Court in the above interpleader action the additional sum of Fifteen Thousand ($15,000) Dollars within thirty (30) days from the date hereof or suffer dismissal of the above action." An appeal was taken the day of the order by Dick Corporation and several weeks later by an objecting claimant. There is no indication in the record that Dick ever either agreed or refused to deposit the money.[3]

In the absence of an election by Dick, the court's action does not constitute a final order in the case and must be considered interlocutory. Framed in the alternative, it in no sense terminates the litigation in the lower court between the parties. See Stadler v. Mt. Oliver Borough, 373 Pa. 316, 95 A.2d 776 (1953). Instead, until acted upon by Dick, it makes impossible a determination as to how the matter will be finally terminated below.

The case is similar to that of Atene v. Lawrence, 220 Pa. Superior Ct. 444, 289 A.2d 178 (1972). In that case, this Court refused to hear appeals from an order directing a plaintiff to file a remittitur or suffer the granting of a motion for a new trial, until the plaintiff had made a choice between the alternatives presented by the lower court. The same result must follow here.

Appeals quashed.

---

[3] A subsequent order, seeking to clarify the order as it related to contentions of the objecting claimant, was entered January 11, 1973; as noted, both appellants have appealed from both orders. The second order in no way alters the alternative posture in which the case rests and which forms the basis of our holding that an appealable order is lacking. It is unnecessary, therefore, to determine the power of the court to effect the clarification.