608 A.2d 1087

Margaret LEWANDOWSKI, Individually
and as Administratrix of the Estate
of Frank Lewandowski

v.

The LIFE INSURANCE COMPANY OF NORTH AMERICA
and Bankers and Shippers Insurance Company of New
York, Stanley Lewandowski.

Margaret LEWANDOWSKI, Individually
and as Administratrix of the Estate
of Frank Lewandowski

v.

The LIFE INSURANCE COMPANY OF NORTH AMERICA.

Appeal of LIFE INSURANCE COMPANY
OF NORTH AMERICA.

Superior Court of Pennsylvania.

Argued March 12, 1992.

Filed May 27, 1992.

216

Timothy G. Lenahan, Scranton, for appellant.

Mark A. Pelak, Wilkes–Barre, for Margaret Lewandowski, appellee.

Gerard W. Langan, Pittston, for Stanley Lewandowski, appellee.

Before WIEAND, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

The Life Insurance Company of North America, hereinafter INA, takes this appeal from the March 28, 1991 Order denying its petition for interpleader[1] and granting plaintiff's request for consolidation. The underlying dispute is a contest between a decedent's widow and son for the proceeds from the decedent's annuity which was issued by INA.

On September 17, 1987, appellee Margaret Lewandowski filed a complaint in federal court to recover insurance proceeds to which she alleged she was entitled as beneficiary of her deceased husband's annuity contract. Stanley Lewandowski, the decedent's son from a previous marriage and the named beneficiary of the proceeds, was joined as a third party defendant. After INA filed its answer, which included a counterclaim for interpleader, the case was dismissed for lack of subject matter jurisdiction and was transferred to the Luzerne County Court of Common Pleas. On August 7, 1990, Margaret Lewandowski filed a separate complaint in trespass alleging INA had negligently ignored her written request to change her husband's named beneficiary from Stanley to herself. One week later, INA filed its petition for interpleader which is the subject of this appeal.

The court denied INA's petition reasoning Margaret Lewandowski's second complaint alleged a negligence cause of action against the stakeholder, INA, separate and distinct

---

1. Defendant Bankers and Shippers Insurance Company of New York avers it is a nominal party to the proceedings in that the annuity policy which is the subject of this action was purchased from Bankers by INA and, therefore, chose not to file a brief.

from the initial complaint which had alleged contractual liability. The court found such independent liability precluded INA's request for interpleader. We disagree and, therefore, reverse the Order denying INA's petition for interpleader.

An interpleader is the procedural mechanism through which adverse claimants against the money, property or debt held by another may be required to litigate their claims in one proceeding. *McKinley v. Mutual Life Ins. Co.*, 278 Pa. 300, 123 A. 304 (1924). Rival claims against an insurer for insurance proceedings is a classic candidate for interpleader. *Edwards v. Metropolitan Life Ins. Co.*, 215 Pa.Super. 390, 259 A.2d 183 (1969), *cert. denied*, 399 U.S. 928, 90 S.Ct. 2244, 26 L.Ed.2d 794 (1970); *University City Savings & Loan Assoc. v. Girard Life Ins. Co.*, 215 Pa.Super. 57, 257 A.2d 92 (1969). An interpleader's purpose is the avoidance of the expense and inconvenience which results from the defense of multiple actions arising out of identical claims of entitlement to a "stake" of money, property or debt. *Id.; Maxwell v. Phila. Fire Dept. Assoc.*, 138 Pa.Super. 356, 10 A.2d 857 (1940). An interpleader may be properly granted under such circumstances to avoid exposing the defendant to "the vexation of multiple suits or multiple liability upon the same claim." *University City Savings & Loan Assoc., supra.* However, interpleader should be denied where the petitioner has incurred independent liability to either of the claimants. *Fisher v. Stevens Coal Co.*, 136 Pa.Super. 394, 7 A.2d 573 (1939). The grant or refusal of a petition for interpleader is an equitable consideration resting within the sound discretion of the trial court and will not be disturbed absent an abuse of such discretion. *U.S. National Bank in Johnstown v. Robel Construction, Inc.*, 333 Pa.Super. 605, 482 A.2d 1037 (1984).

In response to INA's contention the court abused its discretion by denying its petition for interpleader, appellee Margaret Lewandowski presents two arguments for our consideration. First, appellee avers the petition was properly denied as a consequence of its untimeliness. *See* Pa.

R.C.P. 2306(a)(1). We find no merit to appellant's unreasonable delay argument. When considering timeliness, the critical period is that between the date the party seeking interpleader is made party to the action and the date the petition is filed. *U.S. National Bank, supra.* The record reflects appellant included its initial request for interpleader in its answer, cross-claim and counterclaim filed in response to the complaint erroneously filed in federal court. After the case was transferred to the Court of Common Pleas, the plaintiff reinstated the misdirected complaint on July 19, 1989 and, on August 13, 1990, appellant again filed a petition for interpleader. We find the record does not support appellee's allegation of untimeliness.

■ Next appellees Margaret and Stanley both argue an interpleader is proscribed because INA has incurred liability separate and apart from its liability under the annuity policy. We find this argument equally without merit. In her initial complaint (1765–C of 1988), grounded in contract, the appellee demanded the annuity value of $86,500 plus punitive damages together with interest thereon. In her second complaint (2872–C of 1989), appellee alleged appellant negligently disregarded her handwritten request to change the insured's beneficiary and demanded $86,500 together with interest thereon. This Court fails to see how this second complaint subjects appellant to independent liability beyond that possibly incurred as a consequence of not distributing the annuity payments to the decedent's widow. In each complaint, the decedent's widow alleges she is her husband's beneficiary and seeks the value of the annuity plus interest. In her first complaint, appellee also sought punitive damages based on INA's failure to pay the annuity proceeds "without any reason based in fact or law." Her complaint presumes she is the sole individual claiming the proceeds. Such is not the case. The situation before this Court, wherein two adverse claimants demand the proceeds of an insurance contract, is the exact situation an interpleader is designed to address. The parties set great store by a federal case each believes supports its position in this matter. Indeed, it is also cited in the trial court's

Opinion. Although not controlling nor dispositive of the issue before us, the actual similarity of the case to the one presently before us behooves our review. We believe *Provident Mutual Life Ins. Co. of Phila. v. Ehrlich*, 374 F.Supp. 1134 (E.D.Pa.1973), *modified*, 508 F.2d 129 (3d Cir.1975), supports our finding the court erred by not granting INA's request for interpleader. In *Provident* an ex-wife and a widow vied for the proceeds of husband's life insurance policy. Former wife/beneficiary argued a court Order precluded the beneficiary change to second wife, as requested by husband. In addition to asserting their rights to the proceeds, the claimants filed counterclaims wherein each asserted in the event they were unsuccessful in obtaining the proceeds, the insurer, because of its improper behavior, remained liable to her. The *Provident* court granted interpleader despite these additional claims. The trial court's reliance on *Provident* in support of its ruling is, therefore, misplaced.

Based on the foregoing reasons of law and fact we reverse the trial court's ruling and grant appellant's petition for interpleader. That portion of the Order granting Margaret Lewandowski's petition for consolidation is affirmed.

Order reversed in part and affirmed in part.

Jurisdiction relinquished.