## Drobnak v. McKool

*Paul E. Moses,* for plaintiffs.
*Margaret A. O'Malley,* for defendant.

CASCIO, *J.,* October 19, 1993—This case is before us on defendant's petition for interpleader.

The events giving rise to this case occurred on or about August 30, 1991 at the intersection of State Route 4025 and State Route 30 in Jenner Township. In their complaint, plaintiffs allege that minor plaintiff, Monique Drobnak, was a passenger in defendant's car. They further allege that defendant proceeded into the intersection without stopping at a stop sign and collided with another vehicle. As a result of defendant's alleged negligence, minor plaintiff sustained severe injuries.

At the time of the accident, defendant's vehicle was insured by State Farm Mutual Automobile Insurance Company with personal injury liability coverage of $25,000 per person and $50,000 per accident. Defendant is represented by counsel provided by his insurance carrier State Farm.

In her petition for interpleader, defendant's counsel alleges that there are five other individuals, potential claimants, who also allegedly sustained injuries in the August 30, 1991 accident. Defendant claims that these potential claimants are expected to make claims against him for these injuries, placing defendant at risk of multiple liability and multiple lawsuits and trials arising out of the same accident.

In the petition for interpleader, defendant, without admitting any of plaintiffs' or potential claimants' claims, proposes to pay into this court, through State Farm, the coverage limits of liability in total amount of $50,000 in exchange for his discharge from any and all liability.

While we commend defendant's counsel for her creative lawyering, we find that interpleader is not an available remedy for this type of situation. Thus, we are constrained to deny her petition for interpleader.

## DISCUSSION

Pa.R.C.P. 2303 governs the allegations required in a petition for interpleader:

"(a) The petition for interpleader shall allege

"(1) that a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such claimant as to all or any part of the claim asserted by the plaintiff...."

Pursuant to Pa.R.C.P. 2306(a), upon receipt of a petition for interpleader,

"[t]he court shall direct an interpleader if the petition is in conformity with these rules and the allegations thereof are established either by proof or by failure of the plaintiff to file a sufficient answer; ..."

Interpleader is a remedy infrequently sought. Thus, given the paucity of case law in Pennsylvania regarding this remedy, we find it necessary to fully and adequately discuss this procedural device, and the reasons for its existence, in rendering our decision.

In a recent case, the Pennsylvania Superior Court discussed the procedural remedy of interpleader. See *Lewandowski v. Life Insurance Company of North America,* 415 Pa. Super. 215, 608 A.2d 1087 (1992).

"An interpleader is the procedural mechanism through which adverse claimants against the money, property

or debt held by another may be required to litigate their claims in one proceeding ... An interpleader's purpose is the avoidance of the expense and inconvenience which results from the defense of multiple actions arising out of identical claims of entitlement to a 'stake' of money, property or debt. An interpleader may be properly granted under such circumstances to avoid exposing the defendant to 'the vexation of multiple suits or multiple liability upon the same claim.' However, interpleader should be denied where the petitioner has incurred independent liability to either of the claimants....The grant or refusal of ... interpleader is an equitable consideration resting within the sound discretion of the trial court and will not be disturbed absent an abuse of such discretion." (citations omitted) *Id.* at 218, 608 A.2d at 1089.

It is important to bear in mind that in an interpleader action, "the adverse claimant is not merely one who makes a claim against or adverse to the defendant, but ... [one whose] assertion ... is inconsistent with or adverse to the claim made against the defendant by the plaintiff or plaintiffs in the action." *Genro Inc. v. International Chemical and Nuclear Corporation,* 224 Pa. Super. 60, 62 n.1, 302 A.2d 466, 468 n.1 (1973) (quoting 4A R. Anderson, Pennsylvania Civil Practice §2306.4 at 211).

"Interpleader is allowed because a defendant is besieged by several claims, *only one of which can be meritorious.* If the facts are such that the defendant may be liable to each claimant and that recovery by one claimant will not preclude recovery by the other claimant, no interpleader can be allowed since the object of interpleader is not to protect a defendant against

separate liability arising out of separate obligations but to protect against vexatious litigation and multiple liability arising out of a common asserted claim of more than one party." Goodrich-Amram 2d §2303(a):5, at 255 (1992). (emphasis added)

In light of the fact that in a true interpleader situation, only one claim is meritorious,

"[o]bviously, the reason for the existence of this remedy is to prevent a stakeholder from being required to pay more than once, and to let the real contestants, the competing claimants, assert their claims to the fund against each other rather than against the stakeholder. This has been a traditional remedy for many classes of stakeholder." *Luckasevic v. Borough of Charleroi,* 50 Wash. C.R. 5, 7 (1969).

In a footnote to the above quote, the court in *Luckasevic* discussed the classic types of situations in which interpleader should be granted.

"These include cases involving rival claims of a bailor and one who claims in privity of title with him to property held by a bailee; adverse claimants to money on deposit in a bank where the bank is a disinterested stakeholder and has not incurred any independent liability to one of the claimants; rival claims to proceeds of insurance policies; an impartial stakeholder summoned as garnishee in respect of a fund held to which there are other claimants; an owner against a contractor and others claiming a fund due on a building contract; and a tenant against a landlord and others in privity with the landlord.

"The remedy of interpleader has also been sustained in behalf of one liable for wages for the services of a minor, which are claimed both by his mother, who claims that the father has deserted her, and by the father;

where money is deposited by the agent of a corporation in his own name, and other persons claim to be trustees of the corporation; where two persons claim a deposit in the hands of an auctioneer; where two or more brokers each claim commissions for sale of the same property and petitioner is not liable on independent contracts; where two persons claim a sum of money deposited by a decedent with a third person; and where there are conflicting claimants for a reward which the offeror cannot pay to anyone with safety to himself without a legal determination." *Id.*

With these principles in mind, we turn now to the merits of the instant case. Perhaps, at first blush, the facts of the case before us appear to satisfy the requisites for interpleader. For example, there are potential claimants, those being the five individuals who were also allegedly injured in the automobile accident. Additionally, the situation poses the risk of multiple lawsuits, as any or all of these potential claimants may choose to file suit against defendant. However, the crucial element necessary in an interpleader situation is the risk of inconsistent liability to the defendant. We find that defendant's petition for interpleader fails to satisfy this requisite.

We agree with plaintiffs' contention in their answer to petition for interpleader that any claims which the potential claimants have arising out of defendant's operation of his automobile are multiple but not inconsistent with each other or with plaintiffs' claim even though they may be in excess of defendant's insurance coverage. To be inconsistent, the claims asserted against defendant must be mutually exclusive such that recovery by one precludes recovery by any and all other claimants and potential claimants. As we stated earlier, "interpleader is allowed because a defendant is besieged with claims, only one of which is meritorious." Goodrich-Amram 2d §2303(a):5, at 255 (1992).

This is not the case here. Defendant may be liable to the plaintiffs only. Or, defendant may be liable to the plaintiffs and some of or even all of the potential claimants. Another possibility is that defendant may not be liable to any person for the accident that occurred on August 30, 1991. If this case proceeds to trial and plaintiffs prevail, their recovery will not preclude future recovery by other potential claimants. That defendant may be liable to more than one party, not presently before this court, does not establish inconsistent liability or the potential therefor.

As the Superior Court stated in *Lewandowski,* "interpleader's purpose is the avoidance of the expense and inconvenience which results from the defense of multiple actions arising out of *identical claims of entitlement to a 'stake' of money, property or debt ...* and interpleader should be denied where the petitioner has incurred independent liability to either of the claimants." *Lewandowski, supra* at 218, 608 A.2d at 1089. We are not faced with identical claims of entitlement to a stake in the insurance coverage. Instead, any multiple liability that defendant may face arises out of the fact that he incurred independent liability to each of the potential claimants as a result of the accident. Absent some contractual dispute that should arise between defendant and State Farm, State Farm cannot be held liable for any amount more than the coverage limits of the policy. We find that State Farm is not in any danger of potential inconsistent liabilities which would require us to grant defendant's interpleader petition. Accordingly, we find that defendant fails to satisfy the requisites to mandate a grant of interpleader.

Although we have found that defendant's petition for interpleader must fail, this is not to say that interpleader can never be obtained by a liability insurance company. Our research has uncovered case law which

in fact permits a liability insurance company to interplead the policy limits into the court for purposes of avoiding the accrual of interest. See *Nationwide Insurance Co. v. Ansel*, 30 Fayette Leg. J. 16 (1967).

In *Ansel*, the stakeholder was an automobile liability insurance company which was not a defendant in the underlying action. The insurance company filed a complaint in equity for interpleader following the trial of the insured, wherein the insured was found liable for the injuries sustained by the victims in an automobile accident. *Id.* at 17. The trial court exercised its equitable powers and permitted the interpleader action, stating:

"Interpleader at law is available only to defendants .... Accordingly, a stakeholder of an automobile liability insurance fund, desiring to stop the running of interest, and to unconditionally pay the fund into court for distribution to persons legally entitled thereto, is relegated to equitable interpleader.... The granting of interpleader is within the court's sound discretion and it may in proper cases direct the writ to issue sua sponte...." *Id.* at 19. See also, *Shellhamer v. Gray*, 359 Pa. Super. 499, 519 A.2d 462 (1986).

We find the facts of the case at bar readily distinguishable from those in *Ansel*. Most importantly, interpleader was appropriate in *Ansel* because the insured had already been found liable and a judgment had been entered against her. As liability in the instant case is still unresolved, to grant interpleader would be premature on the part of this court.

Thus, for the foregoing reasons, we deny defendant's petition for interpleader.

## ORDER

And now, October 19, 1993, consistent with the foregoing memorandum, defendant's petition for interpleader is denied, the stay previously ordered is dissolved, and the case may proceed.